## BOARD OF SUPERVISORS OF LAWRENCE COUNTY vs. CITY OF BROOKHAVEN.

CLAIMS AGAINST A COUNTY: *How and when they may be sued on.*

1. A party holding a claim against any county may present his claim to the board of supervisors for allowance. If they refuse to allow it, he may bring suit against the county in any court of competent jurisdiction. Code, 1871, § 1384.

2. Or he may appeal to the circuit court directly from the order of the board rejecting or disallowing his claim, embodying the facts and evidence in a bill of exceptions. Code, 1871, § 1383.

3. A creditor of a county has no access to the circuit court to have his rights adjudicated, until after his claim has been rejected by the board of supervisors.

4. The statute does not intend that the county shall be unnecessarily vexed with suits and costs, and declares that every person who has a claim against a county must first submit it to the investigation and decision of the board, and must pass through the board before he can obtain a standing in the circuit court as appellant or as plaintiff in an original suit. And in a suit against the county, the fact that the claim was presented to, and disallowed by, the board must be averred in the declaration.

ERROR to the Circuit Court of *Lawrence* County.

Hon. URIAH MILLSAPS, Judge.

Defendants in error filed their declaration in the circuit court,

demanding judgment for the amount of pauper tax levied and collected by the county for the year 1869. A detailed account of the taxes paid was filed as an exhibit, showing the amount claimed to be $689.91. Plaintiffs in error pleaded the general issue, and also set up by special plea, in substance, that the plaintiff (below), at the time of the collection of the tax (1869), was not situate in Lawrence county, and was not part thereof. To this plea the plaintiff demurred, on the grounds :

1. The facts set forth constitute no defense.

2. The plea tenders no issue of fact.

3. The plea amounts to the general issue.

The demurrer was sustained. Defendant (below) then filed three special pleas, as follows, in substance:

1. That the claim had never been presented to the board of supervisors.

2. That by act of 1870 Lincoln county was created, and it was obligatory on said county, of which plaintiffs were a part, to pay its proportion of the debts due by Lawrence county, and that this claim depends upon the result of that settlement.

3. That plaintiff, being a part of Lincoln county, whatever may be due to plaintiff is a joint demand, etc.

On motion, these pleas were stricken out, and issue joined on the plea of general issue. The case was tried and a judgment awarded for the plaintiff, and the case comes to this court on writ of error.

The following are assigned for error:

1. The court erred in not extending plaintiff's demurrer to the first special plea back to the declaration, and sustaining the same to said declaration.

2. The court erred in sustaining the motion to strike out defendant's second, third and fourth special pleas.

3. The court erred in admitting the testimony of Atkins, witness for plaintiff.

4. The court erred in admitting what purported to be a record of the board of supervisors, showing levy of the taxes.

5. The court erred in refusing defendants a new trial.

*Chrisman & Thompson*, for plaintiffs in error.

[The reporters find no briefs on file.]

SIMRALL, J., delivered the opinion of the court.

The city of Brookhaven brought suit against the board of supervisors of Lawrence county to recover $689.91, being on account of the pauper taxes assessed by the board for the year 1869, and which had been paid to the tax collector by the inhabitants of said city. The plaintiff claims that, because of special legislation, growing out of the formation and organization of Lincoln county, in part of the territory of Lawrence county, Brookhaven should recover back this money. The grounds taken by the counsel for the appellants, for the reversal of the judgment, does not require an investigation of the merits of the claim against the county of Lawrence; and since the appellee is not represented by counsel in this court, we are not disposed to consider any other questions than those specifically made by the plaintiff in error. On overruling the motion for a new trial, the whole case, as presented to the jury, was embodied in the bill of exceptions. The board of supervisors had by plea made the defense that the city of Brookhaven had not presented its demands as a creditor to the board of supervisors for allowance, nor was there evidence on the trial that the claim had ever been preferred before the board to be audited and allowed. Was that an element in the plaintiff's right of action in the circuit court? Sec. 1381, Code 1871, enacts that "all demands and accounts against the county shall be audited and allowed on due proof in term time," and a warrant shall be issued on the county treasurer. This implies that the board shall scrutinize "demands and accounts." But the decision of the board, if adverse to the creditor, shall not be conclusive against him. He may, under § 1383, appeal to the circuit court, embodying the facts and evidence in a bill of exceptions, or under § 1384, he may bring suit in the circuit court. This section does not intend that the circuit court

shall be open in the first instance to any and all creditors of the county. The board is assumed by the statute to be fit and competent to investigate, allow and order payment of all just claims. The statute assumes that the board will deal fairly and conscientiously with the creditors of the county. But if it does not reach a correct conclusion in a given case, and the creditor feels dissatisfied, he may appeal, or he may sue in the circuit court. But this access to the circuit court is only granted to a creditor whose claim has been rejected by the board. The language is, "Any person having a just claim against any county,   *   * which the board of supervisors may refuse to allow, may bring suit," etc. The statute does not intend that the county shall be unnecessarily vexed with suits and costs, and, therefore, declares that every person who has a claim must first submit it to the investigation and decision of the board, and must pass through the board before he can obtain a standing in the circuit court as appellant or as plaintiff in an original suit. The words of the statute quite plainly import that meaning and have been so understood. In the well considered case of Board of Police of Attala County v. Grant, 9 S. & M., 77, the court considered the character and functions of the board of police (supervisors), in passing upon claims against the county, and concluded that " for such purpose it was a court," and, therefore, its decision must stand unless displaced in some mode prescribed by law. One of these modes, as held in County of Yalabusha v. Carbry, 3 S. & M., 529, was by appeal to the circuit court. The principles of that case have been followed repeatedly. See Arthur v. Adam & Speed, 49 Miss., 410. In Carroll v. Board of Police of Tishamingo County, 28 Miss., 48, it is said, the judgment of the board (allowing or disallowing accounts), " like that of any other court, having exclusive jurisdiction over the subject matter and person, must be treated as final and conclusive   *   * until reversed, or vacated in some mode known to the law." The board is the only court that can, " in the first instance, take jurisdiction of the subject matter." The person, therefore, who sues upon his

"claim" in the circuit court under § 1384 of the code, must show, as a condition of his right to that jurisdiction, that he has exhausted his remedy before the board; when his claim has been refused, he may reopen it on its merits in the circuit court. The statute denies access to the circuit court in the first instance to creditors. Such is the general rule. But a creditor whose claim has been rejected by the board, can implead the county in the circuit court, that is the exception.

It follows, that the plaintiff must aver and prove the special facts which entitle him to sue in the circuit court. The demurrer to the plea ought to have been applied to the first material defect in the pleading. The declaration is faulty in omitting to aver that the claim was presented to the board of supervisors and rejected. The law imperatively requires the board to audit and allow all just claims; and it must be presumed, if the demand of the plaintiff was of that character, the board would have allowed it if it had been presented. No testimony was offered on the trial that the claim had ever been before the board for allowance.

Judgment reversed, and judgment in this court, applying and sustaining the demurrer to the declaration and cause, remanded for further proceedings.