J. GREEN ET AL. v. THE STATE OF MISSISSIPPI, AND
THE STATE OF MISSISSIPPI v. J. GREEN ET AL.

1. STATE AUDITOR'S WARRANTS. *Suit thereon not maintainable.*
A suit cannot be maintained upon an auditor's warrant against the State.

2. SAME. *Suits against the State. Construction of Code* 1871, § 1573.
Sect. 1573, Code 1871, authorizing suits against the State by all persons having "claims" against it, refers to controverted demands, and not to those which, through her highest accounting officer, she has acknowledged by the issuance of a check upon her treasury.

3. STATE AUDITOR'S WARRANTS. *Interest.*
Auditor's warrants do not bear interest.

ERROR to the Circuit Court of Hinds County.
Hon. S. S. CALHOON, Judge.

This was an action of assumpsit by J. and T. Green against the State to recover on certain auditor's warrants issued by the State through her auditor to certain State (civil) officers during 1862, and several years thereafter, for services rendered the State, and assigned to the plaintiffs for a valuable consideration by the holders thereof. The declaration averred presentation to the State treasurer in January, 1866, demand for payment in United States currency and refusal to pay, and claimed interest at six per cent per annum from the date of refusal to date of judgment.

To the declaration the State, by its attorney-general, demurred, assigning, among other grounds, that the State is not liable to be sued upon a warrant issued by the auditor of public accounts, and directed to the State treasurer, for the sum of money therein specified. The demurrer was overruled, and leave given to plead, which the State declined to do, electing to stand on the demurrer. Whereupon said J. and T. Green moved the court for a judgment for the face of said warrants, and interest at six per cent per annum from the date of presentation for payment and refusal. This motion the court overruled as to interest; and to the action of the court in overruling said motion as to interest, the said J. and T. Green excepted,

and then and there tendered their bill of exceptions, which was signed, sealed, and made part of the record.

A judgment was rendered for the face of the warrants in favor of J. and T. Green against the State.

The State of Mississippi, by her attorney-general, sued out a writ of error; and J. and T. Green did the same.

In this court, J. and T. Green assign for error that the lower court failed to include interest in the judgment; and the State assigns for error that the lower court rendered any judgment at all.

*G. E. Harris*, Attorney-General, for the State.

1. The State cannot be sued upon her auditor's warrants. Code, §§ 143, 154; Acts 1876, p. 5; *Klein* v. *Board of Supervisors*, 51 Miss. 878; Code, §§ 132, 1384, 1573.

2. An auditor's warrant does not bear interest. *Swann* v. *Turner*, 23 Miss. 565; *State* v. *Mayes*, 28 Miss. 706; *Taylor* v. *Board of Police of Chicasaw County*, MS. Op.; *Board of Supervisors of Warren County* v. *Klein*, 51 Miss. 807.

*Potter & Green*, for J. and T. Green, filed a brief, making the points hereafter stated in their petition for re-argument.

CHALMERS, J., delivered the opinion of the court.

Two questions only are presented by the record: 1st, Whether a suit can be maintained upon an auditor's warrant; 2d, Whether such warrants bear interest. We consider both questions settled in the negative by the decisions of this court in the cases of *Board of Supervisors of Warren County* v. *Klein*, 51 Miss. 807, and *Whitney* v. *State*, 52 Miss.

We can see no possible good to be gained by allowing a suit to be brought upon an auditor's warrant. At the end of the litigation the plaintiff, if successful, must eventually receive an auditor's warrant in discharge of his judgment, and would therefore have accomplished nothing by his suit. The holder of an auditor's warrant must bring his writ of *mandamus* against the treasurer to compel its payment; or if, as in the case at bar, there be any law in force forbidding the payment of the particular warrant held by him, he must resort to the legislature. To permit suits upon auditor's warrants would bank-

rupt the State with costs. Sect. 1573 of the Code, authorizing suits against the State by all persons having " claims " against her, evidently refers to controverted demands, and not to those which, through her highest accounting officer, she has acknowledged by the issuance of a check upon her treasury.

*The judgment of the court below is reversed, and the suit dismissed.*

Whereupon a petition for re-argument was filed by J. and T. Green.

*Potter & Green*, for J. and T. Green, made the following points in the petition for re-argument: —

That a State warrant is a " claim " within the meaning of § 1573, Code 1871. The accounts, on refusal to issue warrants, were good cause of action. *Swann* v. *Turner*, 23 Miss. 565; *Whitney* v. *State*, 52 Miss. The issuance of warrants thereon did not so change their character as to render them not a cause of action. The auditor of public accounts is an executive and not a judicial officer, and the allowance or rejection of a claim by him is not a judgment. *Hobson* v. *Commonwealth*, 1 Duv. (Ky.) 175; Code 1857, arts. 32–34, p. 108. The issuance of warrants is mere machinery of State, which the legislature can change at will; it is no remedy to the creditor. *Buck* v. *Swann*, 40 Miss. 297. The auditor may be compelled to issue warrants by *mandamus*. *Dyer* v. *Thompson*, 37 Mo. 157; 39 Mo. 429; 5 Ohio St. 583; 40 Miss. 241. A *mandamus* does not lie to control a judgment. 22 Cal. 34; 1 Mich. 359; 19 Johns. 259; 40 Miss. 290.

The warrant is merely the ascertained balance due, and the officer's certificate to that effect for payment. It is like a bank-check. *Isom* v. *First Nat. Bank*, 52 Miss. An action lies on a dishonored bank-check. *Pack* v. *Thomas*, 13 S. & M. 16. It has no greater dignity than a bond under the great seal of the State; and a bond was held to be a " claim " within the statute. *State* v. *Johnson*, 25 Miss. 625.

Even if it is a judgment, the State, under § 1573, occupies the position of any other person, and an action on a judgment is maintainable. Freeman on Judgments, § 432.

State and county warrants differ essentially. The latter is

the execution of a judgment of a constitutional court; the former, the ministerial act of an executive officer. The Constitution, and § 1381, Code 1871, enacted in pursuance thereof, confer on the board of supervisors power to render judgments; and the warrant is the execution of that judgment.

The rules which render it impossible to bring an action on a county warrant do not apply to State warrants. The statute only allows suits to be brought against counties on claims which have been refused by the board, in order to place them beyond contestation, and on the same footing with allowed claims. It is not to enforce the claim, but to establish it; and the judgment therein has only this effect. The issuance of a warrant being the allowance of the claim, and the statute only authorizing suits in case of a refusal to allow, it is plain there is no authority to sue on the allowed claim or warrant. *Taylor* v. *Board of Police*, MS.; *Alden* v. *County of Alameda*, 43 Cal. 270.

Suits against the State are to enforce the claim. The State, under the statute, is liable to the same extent as individuals. There is no limitation on the right to sue. The condition precedent to suit is a demand and a refusal of payment of the proper officer; but this is not a limitation on the right to sue.

That by the enforcement of the judgment a warrant will be given to the creditor is no ground for not giving judgment. The certain return of *nulla bona* on a *fieri facias*, when issued, is no ground for refusal to render judgment. That the judgment is to be paid by an appropriation does not affect the cause of action, or the right to sue, but is merely a direction how the judgment is to be satisfied.

Interest is allowable on State warrants after demand made and a refusal of payment. *Swann* v. *Turner*, 23 Miss. 565; *State* v. *Mayes*, 28 Miss. 706; *Whitney* v. *State*, 52 Miss. 732.

The Statute of Limitations cannot be set up at law by demurrer. Angell on Limitations, § 285.

The act of 1865 (Acts 1865, pp. 145, 146) does not apply to the warrants sued on. It applies only to unaudited claims, and not to warrants issued before that time. *Whitney* v. *State*, 52 Miss. 732. The act of 1874 (Acts 1874, § 2, p. 14) prohibits the treasurer from paying, or in any way recognizing, these

warrants.   This amounts to repudiation.   A *mandamus* would not lie to compel payment; and the only remedy is by suit.

CHALMERS, J., on the petition for re-argument, delivered the following opinion of the court: —

The error that underlies and runs through the petition for re-argument consists in the assumption that, because the Constitution and statutes make the State liable to all persons having claims against her, " to the same extent as individual persons are liable to each other," therefore the claimant is entitled, in every respect, to the same mode and measure of redress as he would be entitled to against a private person.   In consonance with this view, it is urged that whether an auditor's warrant be regarded as a judgment, or be likened to a bank-check, it must be equally the subject of suit, since both of these evidences of indebtedness can be made the foundation of an action against an individual.

Apart from the highest considerations of public policy, the most cursory reading of the statute shows two marked and important differences between suits against the State and those against individuals.   Such suits cannot be brought without being preceded by demand of payment and refusal; and, when they have ripened into judgments, all steps for their satisfaction are prohibited, except a request to the legislature for their payment.   Should that body make the appropriation, the bill for that purpose must be approved by the governor, or passed over his veto.   It appears, therefore, that the citizen holding a claim against the State, which has been rejected by her ministerial officers, can only obtain payment by the concurrent assent of the judicial, legislative and executive departments of the government.   It is evident that the judiciary acts in such a case merely as an appellate revisory board upon the action of the ministerial officer, or, perhaps more properly, as a court of claims, to determine the justice and legality of the demand.

If the claimant successfully runs the gauntlet of all these departments of State, he presents himself, with his judgment and the legislative act of appropriation, before the auditor of public accounts, and receives from that officer a warrant on

the treasury. In other words, after years of expense and trouble to himself and the State, he receives just what the plaintiffs hold here, — an auditor's warrant ; upon which, if the appellee's theory be correct, he can instantly institute another suit, and thus go through, *ad infinitum,* the same tedious and fruitless process. As courts are organized for beneficial purposes, and suits entertained to further some practical end, the consideration, that a suit upon an auditor's warrant can result only in obtaining an auditor's warrant, seems to us an argument against entertaining such suits, which should be as cogent and convincing as it is said by counsel to be novel and surprising. Nor is there any force in the suggestion, by way of analogy, that a court will not decline to entertain a suit against an individual upon the ground that he is insolvent. We refuse to permit a suit upon a warrant, not because the State is insolvent, but because, however solvent it may be, we are powerless to advance the plaintiff any further on the road to a satisfaction of his demand than he already is.

But it is said, that while it may be generally true that such suits cannot be maintained, yet that, where after the issuance of the warrant it has been repudiated by the legislature, a suit should be permitted, in order to test its legality, or the validity of the act of repudiation. We respond by asking, *Cui bono ?* If the act is unconstitutional, it is as if not written, and the proper remedy is by *mandamus* on the treasurer. But if, as in the case at bar, there has been no formal act of repudiation, but simply a legislative command to the treasurer not to pay certain warrants until further action, how can this court aid the holders of such instruments ? They already possess the highest evidence of debt known to the State. All that they lack is the legislative assent to its payment by a repeal of the prohibitory statute.

For this purpose they must resort to that body, which alone has power to administer relief.

*Re-argument denied.*