JOHN A. KLEIN *v.* BOARD OF SUPERVISORS OF SMITH COUNTY.

1. MANDAMUS. *Practice. Alternative writ. Fiat not necessary. Office of petition.*
   Under the act of April 5, 1876 (Acts 1876, p. 56), entitled " An Act to amend the law in relation to proceedings by *mandamus*," the fiat of a judge or chancellor directing the issuance of the writ is not necessary. The petition constitutes the chief pleading in the suit, and takes the place of the alternative writ under the former practice. It must state the plaintiff's claim, and to it the respondent must plead.

2. CLAIM AGAINST COUNTY. *Allowance. Warrant.*
   The allowance of the claim of a creditor of a county by the board of supervisors (or the board of police, their predecessors) is a conclusive ascertainment and establishment of the debt, in the nature of a judgment ; and the warrant is issued by the clerk of the board on the county treasurer as a means of procuring payment.

3. COUNTY WARRANT. *Mandamus the only remedy of holder.*
   A suit against the county cannot be maintained on a county warrant by the holder thereof. *Klein* v. *Board of Supervisors of Warren County*, 51 Miss. 878. There is no mode by which the creditor can procure satisfaction, if there are no funds in the county treasury, except by putting in force the taxing power by *mandamus*.

4. MANDAMUS. *No limitation of action.*
   There is no statute of limitations, either in the Code of 1857 or of 1871, which cuts off the right of the creditor of a county to his remedy by *mandamus*. *Carroll* v. *Board of Police of Tishomingo County*, 28 Miss. 38, cited.

5. SAME. *Allegations of petition. Certainty.*
   A petition for a writ of *mandamus*, which sets out a county warrant *in his verbis*, alleging that it was issued in pursuance of an order of the board of police of the county duly made and entered; that, before suit, the petitioner presented it to the county treasurer and requested payment, which was refused, on the ground that the board of supervisors was in session, and there was no money in the county treasury

to pay the warrant; that he demanded of the board to levy a tax to pay the same, they being in session for the purpose of levying taxes for the fiscal year; that they refused, failed and neglected to levy the tax, or to make any provision for the payment of the warrant; and that the petitioner is interested in the performance of the duty requested of the board, and will be damaged by reason of their not performing the same, — sets forth the petitioner's claim with sufficient precision and fulness.

APPEAL from the Circuit Court of Smith County.

Hon. A. G. MAYERS, Judge.

On the 23d day of September, 1876, John A. Klein filed a petition in the office of the clerk of the Circuit Court of Smith County, alleging in substance as follows: —

1. That he is the holder and owner of a certain warrant upon the county treasurer of Smith County, in the words and figures following: —

No. 364.]          STATE OF MISSISSIPPI.          [$500.

SMITH COUNTY.

*By the Board of Police:*

Pay to J. G. Blackwell, agent, or order, the sum of five hundred dollars, on the first day of January, 1862, allowed by the board of police of said county, at the February Special Term, 1861, thereof, for the purchase of corn for Smith County. Payable out of the special fund levied for that purpose, bearing ten per cent interest from maturity.

And for so doing, this shall be your warrant.

Given under my hand and seal of office the twenty-second day of February, A.D. 1861.

[SEAL.]                               F. SPENCER,
                          *Clerk of Probate Court and Board of Police.*

To the County Treasurer.

Indorsed: J. G. BLACKWELL, *Agent.*

2. That said warrant was issued in pursuance of an order of the board of police of said county, duly made and entered, upon the allowance of a legal claim against said county, presented to and adjudicated by said board, and that it constitutes a valid and binding judgment against said county of Smith.

3. That on the first Monday in July, 1876, he presented

said warrant to the county treasurer, and requested payment of the same, and was informed both by said treasurer and the president of the board of supervisors of said county, the said board being then in session, that there was no money in the treasury to pay the same.

4. That he demanded of said board of supervisors to make a levy of a tax sufficient to pay the same, said board being then in session for the purpose of levying a tax for the year 1876 ; that they took the matter into consideration, and that they refused, failed and neglected to levy any tax or to make any provision for the payment of said warrant.

5. That he is interested in the performance of the duty so requested of said board, and that he will be damaged by reason of their not performing the same.

The petition concluded with a prayer for a peremptory *mandamus*, directed to said board of supervisors, commanding them at their regular meeting, on the first Monday in July, 1877, to make a levy to pay said warrant, and was duly verified by the affidavit of the petitioner.

Upon this petition the clerk issued summons "in the ordinary form " to the board of supervisors, the defendants, summoning them to appear and answer at the next term of court; which summons was duly served by the sheriff.

The defendants appeared at said term, and moved to dismiss the petition for the following reasons : —

1. "Because the writ issued without any fiat of any judge or chancellor, or other competent authority directing the issuance."

2. "Because said warrant sued upon is barred by the Statute of Limitations."

3. "Because said petition does not set up or allege or show any cause why the writ of *mandamus* should issue."

The court sustained the motion upon all three grounds, and dismissed the petition.

From that judgment John A. Klein appeals.

*Murray F. Smith*, for the appellant, made an oral argument, and filed a brief making these points : —

1. The writ or summons was properly issued by the clerk. Acts of 1876, p. 56, § 1.

2. The warrant is not barred by the Statute of Limitations. *Carroll* v. *Tishomingo County*, 28 Miss. 38; *Klein* v. *Board of Warren County*, 51 Miss. 878.

3. The petition does set up and show cause why the writ of *mandamus* should issue. Acts of 1860 (Called Session), pp. 33, 34; Code 1857, pp. 132, 133, art. 162; id. 419, arts. 31, 32; *Carroll* v. *Tishomingo County*, 28 Miss. 38; *Grant* v. *Attala County*, 9 S. & M. 44; *Board of Education* v. *West Point*, 50 Miss. 645; *Hendricks* v. *Johnson*, 45 Miss. 650; *Beaman* v. *Leake*, 42 Miss. 248; 1 Dillon, § 413, p. 501.

4. This court should award the writ to the appellant. Code 1871, § 413; *Carroll* v. *Tishomingo County*, 28 Miss. 38; *Arthur* v. *Adam*, 49 Miss. 404.

*George E. Harris*, Attorney-General, for the appellees, argued the case orally, and filed a brief making the following points : —

1. *Mandamus* is an extraordinary writ or legal remedy, and cannot be used in all cases. Lord Mansfield says, " A *mandamus* is a prerogative writ, to the aid of which the subject is entitled, *upon a proper case previously shown to the satisfaction of the court.*" High on Ex. Leg. Rem. p. 4 and note ; Code 1871, §§ 533, 1517. It is classed as extraordinary, and its functions are defined. It is true the Act of 1876, pp. 56, 57, changes the practice, but only so far as to dispense with the alternative writ ; it does not dispense with the fiat. The legislature did not intend to change it into an *ordinary* writ or remedy.

2. The warrant, the basis of the action, was barred. The statute commenced to run April 2, 1867. Code 1871, § 2151. The relator might have sued the county at any time. Code 1857, p. 419.

3. The relator does not show a sufficient demand and refusal to authorize the proceeding by *mandamus :* he should have presented the warrant to the treasurer of the county, and demanded payment ; but he alleges that he merely inquired if the money was on hand. High on Ex. Leg. Rem. § 13.

*A. J. McLaurin*, on the same side.

Upon the dismissal of the case I make no argument. The court will construe the statute ; and with the construction the

defendants will be satisfied. But it is submitted that this court should not award the writ to the appellant, if the judgment should be reversed. The defendants have a meritorious defence; and it would certainly be wrong to cut them off from it because they misconstrued an act of the legislature, which received the same construction from the court to which the plaintiff applied to adjust his controversy with them.

*J. A. Brown*, on the same side, cited Code 1871, §§ 418, 1520, Acts 1876, p. 57, § 2, *Beard* v. *Lee County*, 51 Miss. 544, in support of the views in the foregoing brief.

SIMRALL, C. J., delivered the opinion of the court.

It was error to dismiss the petition of the plaintiff in error. His suit was brought in strict conformity to the Act of April 5, 1876 (Acts 1876, p. 56). The petition under that act constitutes the leading pleading in the suit, and takes the place of the alternative writ under the former practice. It must state the plaintiff's claim; and to it the respondent must plead.

There is nothing in the first cause assigned in the motion to dismiss. Nor is the cause of action barred by the Statute of Limitations, either under the Code of 1857 or of 1871.

The allowance of the claim of the creditor by the board of supervisors (or the board of police, their predecessors) was a conclusive ascertainment and establishment of the debt, and in that aspect it became of the nature of a judgment. The warrant is issued by the clerk of the board on the treasurer, as a means of procuring payment. He is required by law to issue it to the creditor, wherever the claim has been allowed. There is no mode by which the creditor can procure satisfaction, if there are no funds in the county treasury, except by putting in force the taxing power by *mandamus*. Statutes of limitations affect the remedy. There is no provision either in the Code of 1857 or that of 1871 which cuts off the right of the creditor to his suit in *mandamus*. In *Carroll* v. *Board of Police of Tishomingo County*, 28 Miss. 38, the effort was to apply the provision of the statute, limiting a time for the revival of judgments by *scire facias*, and the issuance of executions, to a case like this; but it was held that the statute did not apply, because the judgments of boards of supervisors

could not be enforced in that way.  In *Klein* v. *Board of Super-visors of Warren County*, 51 Miss. 878, it was said that the statute giving the right to sue the county did not embrace claims that have been allowed, but is confined exclusively to those that have been rejected.  *Lawrence County* v. *City of Brookhaven*, 51 Miss. 68.

No provision of the Statute of Limitations embraces a debt like this.   Whether purposely or from inadvertence, the legis-lature has fixed no time within which the creditor's right will be barred.

The plaintiff in error, in his petition, set forth his claim with sufficient precision and fulness.

It was error, therefore, to have dismissed his suit.

*Judgment reversed and cause remanded.*

CAMPBELL, J., took no part in this decision.