CITY OF BROOKHAVEN *v.* LAWRENCE COUNTY.

1. CLAIM AGAINST A COUNTY.  *Action thereon.   Presentation, how proved.*
    Section 1384 of the Code of 1871 provides that "any person having a just claim against any county in this state, which the Board of Supervisors may refuse to allow, may bring suit against such board in any county having jurisdiction," etc.   In a suit under this statute the plaintiff may prove, by parol evidence, the presentation of the claim to the Board of Supervisors and its refusal to allow the same.

2. SAME.  *Presentation, how made.   What entry required.*
    The purpose of section 1384 of the Code, in requiring a claim against a county to be presented to the Board of Supervisors as a condition precedent to the right to sue thereon, is fully satisfied when the claim is presented to the board and it refuses to allow the same, whether any record of such refusal be made or not.   Section 1381 requires that "the order allowing such claim" shall be entered on the minutes of the board, but no statute requires an entry on the minutes of a refusal to allow a claim.

ERROR to the Circuit Court of Lawrence County.

Hon. A. G. MAYERS, Judge.

This action was brought by the plaintiff in error against the

·defendant in error, to recover the amount of a claim which the Board of Supervisors of Lawrence County had refused to .allow. On the trial the plaintiff's attorney proposed to prove by two witnesses, H. C. Conn and B. G. Atkins, that the ·claim sued on was presented to the ·Board of Supervisors before the action was commenced, to be audited and allowed, .and that the board verbally refused to allow it, and also re- ·fused to have an entry made showing their action in regard to ·the matter. This testimony was objected to by the defendant, :and the court excluded it. The jury returned a verdict for the ·defendant, and a judgment was rendered accordingly. A motion for a new trial was overruled, and the plaintiff sued out a ·writ of error.

*A. C. McNair*, for the plaintiff in error.

The jurisdiction of Boards of Supervisors for auditing claims is not constitutional, but statutory merely. A board ·of supervisors is not a court of record. Sections 1361 and 1381 are to be construed together ; and by the latter, only the order of allowance of a claim is required to be entered on the minutes. Such a board is only a court to the extent that its ·determination of claims against the county operates as a judgment till reversed or set aside. This is the true principle, as ·deduced from the decisions. 3 Smed. & M. 529, 695 ; 6 Cushm. .38 ; 42 Miss. 237 ; 9 Smed. & M. 77 ; 49 Miss. 419 ; 51 Miss. ·68.

The testimony of Atkins and Conn was improperly excluded. 1 Greenl. on Ev., sec. 513 ; *Dyson* v. *Wood*, 3 Barn. & Cress. 150. The Board of Supervisors of Lawrence County willfully :and maliciously refused to allow an entry of their order dis- :allowing the claim of the plaintiff in error. To sustain the :action of the court in excluding the plaintiff's evidence would be to let the defendant take advantage of its own wrong.

*R. H. Thompson*, for the defendant in error.

Is not the minutes of the Board of Supervisors the only ·evidence of what that court does? That such board is a ·court, is established. It is created as a court by the Constitu-

tion, in the same article with this court and the Circuit and Chancery Courts. The board is treated as a court, and it has been decided so to be. *Yalobusha County* v. *Carbry*, 3 Smed. & M. 529; *Ross* v. *Lane*, 3 Smed. & M. 695; *Carroll* v. *Board, etc.*, 6 Cushm. 38; *Beaman* v. *Leake County*, 42 Miss. 237; *Attala County* v. *Grant*, 9 Smed. & M. 77; *Arthur* v. *Adam & Speed*, 49 Miss. 410; *Lawrence County* v. *City of Brookhaven*, 51 Miss. 68.

That the Board of Supervisors is a court of record is settled by the statute. Code 1871, sec. 1361. This court has, in fact, decided the question. *Crump* v. *Board of Supervisors of Colfax County*, 52 Miss. 110.

The plaintiff in error had, and still has, a remedy. It could, by *mandamus*, have compelled the Board of Supervisors either to allow or disallow the claim by proper entry. 9 Smed. & M. 77; 12 Smed. & M. 342; 42 Miss. 238; 44 Miss. 393; 3 Smed. & M. 695; 2 Cushm. 439.

CAMPBELL, J., delivered the opinion of the court.

The fact of the presentation of a claim against the county to its Board of Supervisors, and its refusal to allow it, may be proved by parol in a suit by the claimant, under section 1384 of the Code.

The law requires to be kept a " record of all the proceedings and orders of the board " (Code, sec. 1361), but where the board refuses to allow a claim presented to it for allowance, and does not make any order about it, which is recorded, it is not perceived that any good reason exists for refusing to permit the fact of presentment and refusal to allow the claim to be proved by the only evidence of it which exists. The theory of the statute, in making presentment of the claim to the Board of Supervisors a condition precedent to the right of the creditor to sue the board, is the supposition that the board will " allow " all proper claims, and the consideration that an opportunity should be afforded to the board to audit and allow the claim without suit; and the spirit of the statute

is fully met if the claim is laid before the board and it re-fuses to allow it, whether any record of such refusal is made or not.

A declension by the board to make an order allowing a claim presented to it is a refusal to allow it, within the mean-ing of the statute. "The order allowing such claim" is re-quired to be entered on the minutes (Code, sec. 1381), but no statute requires an entry on the minutes of a refusal to allow a claim. Therefore the refusal of the board to allow a claim may be proved by parol.

A contrary doctrine would place it in the power of Boards of Supervisors to avoid suit on claims which they refused, but failed to show it by an order on their minutes, until the claim-ant had resorted to compulsory means to obtain an entry upon their minutes of a refusal to allow the claim.

Judgment reversed and cause remanded for a new trial.