JOHN A. KLEIN *v.* BOARD OF SUPERVISORS OF SMITH COUNTY.

1. CLAIM AGAINST COUNTY. *In form of warrant. Action thereon. When maintainable and when not.*

  Under an act of the Legislature approved November 30, 1860, authorizing the Board of Police of Smith County to purchase provisions for persons in that county who had been made destitute by the failure of the crop of that year, the Board of Police, on the 22d of February, 1861, made an order appropriating $5,000 for that purpose, appointing B. the agent of the board to purchase the necessary provisions, and directing the issuance of a warrant on the county treasurer in favor of B. for $500, to be used in the purchase of corn, and payable out of a special fund to be levied for the purpose of paying for such provisions. The warrant was received by B., who afterwards, as the agent of the Board of Police, bought a lot of corn from K., and in payment thereof indorsed and delivered it to him. In 1878 K. presented his claim upon this warrant to the Board of Supervisors (successor to the Board of Police), and demanded that it be allowed and a warrant issued on the county treasurer for its payment. This demand was refused, and thereupon K. brought an action against the board to recover judgment upon his claim. It was objected by the defendant that the action cannot be maintained because based upon a county warrant. *Held,* that the warrant upon which the action is based was not issued in payment of a claim which had been allowed or judicially established against the county by the Board of Police, and therefore the action is maintainable; and the fact that the warrant is in the form of those issued in payment of claims which have been allowed does not affect the right of the plaintiff to have his unadjudicated claim legally established.

2. SAME. *Action thereon. When maintainable and when not.*

  It is only where there has been an adjudication by the Board of Police, or Board of Supervisors, upon a claim against a county that the claimant is not entitled to bring an action against the Board of Supervisors for the recovery of a judgment on his claim.

ERROR to the Circuit Court of Smith County.

Hon. A. G. MAYERS, Judge.

The case is stated in the opinion of the court.

*Murray F. Smith,* for the plaintiff in error.

The case of *Klein* v. *Supervisors,* 51 Miss. 878, expressly decides that "the statute giving the right to sue a county does not embrace claims that have been allowed and warrants issued." See also *Green* v. *The State,* 53 Miss. 148. This so-called warrant was and is open to all defences that the county might have against the plaintiff.

The mere fact that the plaintiff, in his former suit (*Klein* v. *Supervisors*, 54 Miss. 254), denominated this instrument a warrant, and that the court held it to be a warrant, does not make it a warrant.   That case was a *mandamus* proceeding, and the pleadings were based on the theory that there was a claim against the county at the time the warrant was issued, and that such claim had been adjudicated in favor of Blackwell.

*Lowry & McLaurin,* for the defendant in error.

It has been held that a suit of this kind cannot be maintained on a State or county warrant.   *Green* v. *The State,* 53 Miss. 148.   To say that this is not a warrant — in the sense of *Green* v. *The State,* 53 Miss. 148 — is the merest trifling, and puerile.   See *Klein* v. *Supervisors,* 54 Miss. 254.

The paper upon which this suit is predicated is either legal and valid, or it is illegal and invalid.   If it is illegal and invalid, no suit can be maintained upon it, and that settles the case, and entitles the judgment of the Circuit Court to an affirmance.   If it is legal, and therefore valid, it is an order upon the treasurer to pay a certain sum of money, and that is all the plaintiff would get if successful in a suit.

COOPER, J., delivered the opinion of the court.

This is an action brought by Klein against the Board of Supervisors of Smith County.   The declaration states that the Board of Police of said county, being duly authorized by an act of the Legislature of the State of Mississippi, approved November 30, 1860, appointed one J. G. Blackwell as their agent to purchase corn and other necessary supplies for the relief of those residing in said county who, in the opinion of said board, were in actual need and distress on account of the failure of the provision crop, occasioned by the drought in said county during the summer of 1860, and in order to facilitate the purchase of said corn and other necessary provisions, made and entered upon the minutes of said board an order appropriating the sum of $5,000, and ordered, among other things,

that a warrant be issued to said J. G. Blackwell, agent, and said warrant was issued, in words and figures as follows : —

"No. 364.        STATE OF MISSISSIPPI.        $500.00.
"*Smith County.*
"By Board of Police.

"Pay to J. G. Blackwell, agent, or order, the sum of five hundred dollars, on the 1st day of January, 1862, allowed by the Board of Police of said county at the special February term, A. D. 1861, thereof, for the purchase of corn for Smith County, payable out of the special fund levied for that purpose, bearing 10 per cent interest from maturity, and for so doing this shall be your warrant.

"Given under my hand and seal of office the 22d day of February, A. D. 1861.

{ SEAL. }                                   "F. SPENCER,
                "Clerk of Probate Court and Police Board.
"To the County Treasurer."

Plaintiff then alleges that Blackwell, acting as agent for said board, and acting under authority of said order, bought from plaintiff a boat-load of corn, which plaintiff sold and delivered to said Blackwell as agent of said county ; that Blackwell, in payment for the corn, indorsed and delivered the warrant to plaintiff; that plaintiff had applied to the Board of Supervisors for an allowance of said claim against the county, which the board refused to grant.

The defendant demurred to the declaration, and for causes assigned : —

1. That the Board of Police had no authority to bind the county.

2. That the act of the Legislature did not authorize the Board of Police to bind the county.

3. That the declaration does not directly allege any authority of the board to appoint an agent to purchase corn.

4. That the declaration does not aver a promise on the part of defendant to pay the plaintiff.

5. That this action cannot be sustained on a county warrant.

The demurrer was sustained, the suit dismissed, and to this judgment the plaintiff sued out a writ of error.

Counsel for defendant in error do not argue in this court any of the causes of demurrer assigned other than the fifth. We are satisfied that the declaration sets up a contract which the Board of Police had authority to make, under the provisions of the act approved November 30, 1860. Laws Miss. Spec. Sess. 1860, p. 33.

Defendant in error, however, earnestly insists that under the decisions of this court in *Supervisors* v. *Klein*, 51 Miss. 807 ; *Green* v. *The State*, 53 Miss. 148 ; and *Klein* v. *Supervisors*, 54 Miss. 254, an action is not maintainable on a county warrant.

In *Klein* v. *Supervisors*, 54 Miss. 254, the petition stated that " said warrant [the foundation of the action] was issued in pursuance of an order of the Board of Police of said county, duly made and entered, upon the allowance of a legal claim against said county, presented to and adjudicated by said board, and that it constituted a valid and binding judgment against said county of Smith." This allegation was not traversed and the court necessarily treated the case as if there had been an admission of the facts as stated.

In *Supervisors* v. *Klein*, 51 Miss. 807, the record showed that the warrants upon which the action was based were ordinary county warrants, issued in payment of claims passed upon by the board, acting judicially.

In *Green* v. *The State*, 53 Miss. 148, the court declined to permit a suit upon an auditor's warrant, because the State had, through her highest accounting-officer, admitted the claim, and because a judgment on the claim would not advance the plaintiff in the collection of the debt, as at last it depended solely upon the legislative will whether the debt should or should not be paid, there being no power in the judiciary, by any sort of process, to compel the payment of a demand against the will of the legislative department.

We think this case clearly distinguishable from the foregoing cases. The declaration sets out in full the nature of the contract, the circumstances under which the warrant was issued, and the refusal of the Board of Supervisors to allow the claim. From these statements it is apparent that the warrant was not allowed by the Board of Police in payment of a claim judicially found by them to exist against the county, and it is only in cases in which there have been *judgments* of the board upon the claims that the ordinary actions cannot be maintained.

In *Beaman* v. *Board of Police,* 42 Miss. 237, it is said: "It is clear that all the acts of boards of police are not judicial in their character, and their acts will only be final and conclusive in that class of cases where they are in their nature judicial."

We do not think the right of the plaintiff to maintain the action is lost because he holds an instrument in form similar to those ordinarily issued in payment of claims judicially ascertained and determined. It is the character of the claim that controls the remedy. The plaintiff's demand has never been judicially investigated and determined in his favor, and he now has the right to have an adjudication of it.

The judgment is reversed and cause remanded, to be proceeded with in conformity with the views herein expressed.