March 9, 1885.

---

J. H. P. WESTBROOK v. BOARD OF SUPERVISORS OF DE SOTO COUNTY.

Board of Supervisors — Right to Sue — Rejection of Claim.

Before suit can be entered against the board of supervisors, on a claim against the county, a statement of account must be rendered to and rejected by the board; the rejection of a claim being a condition precedent to a right to sue.

One having a claim against a county may, under section 1384, Code of 1871, present it to the board of supervisors for allowance, and if it is rejected, he may bring suit against the county. He cannot sue unless the claim has been presented to and rejected by the board. Lawrence County v. Brookhaven, 51 Miss. 68.

One having a claim against a county has open to him two modes of prosecuting it: Under section 1383, Code of 1871, by presentment for allowance to the board of supervisors and appeal to the Circuit Court in case of refusal, or under section 1384, by suit against the board in any court of competent jurisdiction, after it has refused the claim. In either case the right of appeal to the Supreme Court exists. Taylor v. Marion County, 51 Miss. 731.

Section 1381, Code of 1871, requires the allowance of a claim by the board of supervisors to be entered on the minutes, but this is not true of the

· This was a suit by Dr. J. H. P. Westbrook for salary as county health officer of De Soto county. He was appointed to this office by the Governor April 7, 1880, and served as such until his resignation on November 1, 1882. He presented his account for services rendered from July 1, 1880, to January 1, 1882, $270, which was allowed, and ·by the board of supervisors paid in accordance with a resolution passed by said board in July, 1880, which reads, " In this cause the board having read the law, the Acts of 1880, section 12, of the Health Law and duly considered the same. It is by the board ordered that Dr. J. H. P. Westbrook, chief health officer of De Soto county, be and he is hereby allowed a salary of $180 per year, or $15 per month for his services from first of July, 1880." In July, 1882, plaintiff presented another account for services from January 1, 1882, to July 1, 1882, for $90, which was also allowed and paid by the board of supervisors. At the July, 1882, term of the meeting of said board an order was made " that the salary of the chief health officer of this county be fixed at $1 per month," and later an order was entered " accounts

refusal to allow claims. Section 1384, requiring a claim to be presented to the board as a condition precedent to a suit thereon, is satisfied if the claim is presented and disallowed, whether any record thereof be made or not. In a suit plaintiff may show by parol the rejection of the claim. Brookhaven v. Lawrence County, 55 Miss. 187.

An ordinary action cannot be maintained against the county on a county warrant. The statute giving the right to sue a county does not embrace claims that have been allowed and for which warrants have been issued, these being already in the nature of judgments. It is only where a board of supervisors refuses to allow a claim that an action may be brought on it. Klein v. Warren County, 51 Miss. 878.

Code, § 292, declares that a person having a claim against a county should present the same to the board of supervisors, and if the board refuses to allow it, claimant may appeal from such judgment to the Circuit Court, or sue the county. Section 320 provides that all demands against a county shall be audited and allowed or rejected on due proof in term time. *Held,* that a representation of a claim against a county to the board of supervisors thereof was a condition precedent to a right to sue thereon. Marion County v. Woulard, 77 Miss. 343, 27 So. 619.

A claim against a county was formally presented by the claim attorney to its board of supervisors, and the facts supporting it were stated in his communication with particularity. *Held,* that it was a sufficient presentment thereof. Clay County v. Chickasaw County, 76 Miss. 418, 24 So. 975.

Not necessary to enter order of refusal on the minutes of the board. Clay County v. Chickasaw County, 76 Miss. 418, 24 So. 975.

payable out of the county fund: Dr. J. H. P. Westbrook, chief health officer, from July 1, to October 31, 1882, $1 per month, $4." This warrant was tendered by the board to plaintiff and refused. Plaintiff then instituted suit for $100, balance due on salary from April 7, 1880, to October 31, 1882. At the trial before the circuit judge, judgment for plaintiff was rendered for $45.65. From which plaintiff appeals.

APPEALED from Circuit Court, De Soto county, A. T. ROANE, Judge.

Reversed and remanded, February 2, 1884.

*Attorneys for appellant, White & Morgan.*

*Attorneys for appellee, Malone & Watson.*

Brief of White & Morgan:

. * * * Appellees insist that the case should have been dismissed by the court because it is not shown that the claim for the salary was presented to the board and by them refused to be allowed. This objection is made for the first time *here,* and would be too late even if the case came within the rule laid down in Lawrence County *v.* City of Brookhaven, 51 Miss. 68.

But it does not. The duty of presenting the claim is only imperative when the matter has not been considered by the board. Here the proof both of plaintiff and the members of the board shows that they had fully considered plaintiff's claim,— put it at $4 in full,— issued him a warrant for that amount which was tendered to him and refused by him.

A refusal to pay may be made in various ways, and when made gives the right to sue. It was unnecessary to go formally to demand what had already been refused.

Brief for appellee not found in record.

OPINION.— COOPER, C. J.:

It was not permissible for Westbrook to institute his suit against the county unless his claim had been presented to the board of supervisors for allowance and had been by it rejected. The rejection of the claim by the board is a condition precedent to a right to sue. Lawrence County *v.* Brookhaven, 51 Miss. 68; Brookhaven *v.* Lawrence County, 55 Miss. 187.

Judgment *reversed.*