J. W. TAYLOR v. BOARD OF SUPERVISORS OF CHICKASAW COUNTY.

1. MANDAMUS. *Claims against county.* *Pleading.*

Mandamus lies to compel a county to pay claims allowed by its authorities; and it is sufficient for petitioner to set out unpaid warrants, averring that they are supported by judgments of allowance.

2. STATUTE OF LIMITATIONS. *When not available by county.* *Warrants.*

There is no statute of limitations to bar proceedings to enforce payment of claims against a county which have been allowed by judgment of its authorities. *Klein* v. *Supervisors,* 54 Miss., 254.

3. SAME. *Staleness no defense because of statute.*

A claim not barred by statute of limitations is good. Because of the existence of the statute, staleness is no defense. *Westbrook* v. *Munger,* 61 Miss., 329.

FROM the circuit court of the first district of Chickasaw county.

HON. LOCK E. HOUSTON, Judge.

Mandamus by appellant to compel defendants, the board of supervisors of Chickasaw county, to levy a tax and provide funds for the payment of certain claims against the county held by petitioner, to wit: one hundred and twelve warrants, drawn on the county treasurer by order of the police court, four by order of the circuit court, two by order of the probate court, and eighty-four jury certificates or warrants issued by the clerk of the circuit court of said county. These warrants, aggregating in amount $3,958.48, were issued at different times from 1848 to 1853. The petition, filed September 24, 1888, alleges that they were duly issued upon the order and judgment of the said courts respectively; that they had been registered by the clerk of the board of supervisors, under the act of March 23, 1886, entitled, " an act to authorize the boards of supervisors to ascertain the outstanding indebtedness of the several counties; " that said warrants were

unpaid; that the taxes levied for the fiscal year were insufficient to pay the claims, and that the board had refused to make a levy of taxes to pay the same.

Defendants demurred, upon these grounds, chiefly:

1. That the claims were stale.

2. That they were barred by limitation.

3. That suit was improperly brought upon the warrants or certificates, instead of upon the judgments under which they were issued.

4. That it did not appear that they were issued by proper authority.

From a judgment sustaining the demurrer and dismissing the suit, petitioner appealed.

*Thomas J. Buchanan, Jr.*, and *William S. Bates*, for appellant,

Each filed a lengthy brief, as to the questions decided by the court making the following points:

1. This is a proceeding to enforce judgments of the county authorities authorizing the issuance of the warrants, to which no statute of limitation applies. *Carroll* v. *Tishomingo County*, 28 Miss., 38; *Klein* v. *Supervisors*, 54 *Ib.*, 254. A case will not be barred by the statute of limitations, unless it comes clearly within its terms. *Miller* v. *Hinds County*, 68 Miss., 88.

2. As these were existing claims against the county, which had been duly allowed, mandamus was the proper remedy to compel the authorities to levy a tax to pay the same. *Attala County* v. *Grant*, 9 Smed. & M., 77; *Klein* v. *Supervisors*, *supra*.

3. The petition is not subject to demurrer; it states specifically the various warrants, and alleges that they have been duly allowed and registered, and that the board of supervisors refuses to make a levy to pay them.

*W. G. Orr*, for appellee.

Issuing a writ of mandamus, like an injunction, rests

largely within the discretion of the judge, and is not required in a case of an old or stale claim.   2 Wall., 87.

It is settled law in the United States supreme court, that every right in equity must be asserted within twenty years. 1 How. (U. S.), 189.

Promptness in the prosecution of claims is required by public policy.   *Ib.*, 160.

Stale claims are not favored in this state.   *Brooks* v. *Spann*, 63 Miss., 198.

It is not shown that a single statutory or constitutional requirement was complied with in the issuance of these claims. Nor does it appear that they were issued in cases where the county would be liable.   The police court and the probate court were courts of inferior jurisdiction, and it is necessary for the record to show affirmatively that every required step was taken.   *Stokett* v. *Nicholson*, Walker, 75.

It is the order or judgment of the court, and not a warrant, that confers jurisdiction in a case like this.   *Carroll County* v. *Tishomingo County*, 28 Miss., 38; 52 *Ib.*, 42.

If the original claim was not authorized by law, the board could not vitalize it by issuing a warrant.   *Supervisors* v. *Arrighi*, 54 Miss., 668; *Honea* v. *Monroe County*, 63 *Ib.*, 171.

Mandamus is an action.   Code 1880, § 2542.   Being such, it is barred by §§ 2674, 2679.

The board of supervisors is a court, and its judgment is barred by the statute of limitation.   *Polk* v. *Supervisors*, 52 Miss., 422.

The case of *Klein* v. *Supervisors*, 54 Miss., 254, is not applicable, because it was decided under the code of 1871, which does not contain a statute like § 2669, code 1880.

The sum of the whole matter is, that appellant's rights of action accrued from 1848 to 1853, and, as this suit was not brought until 1888, he cannot recover.   In view of the case of *Miller* v. *Hinds County*, 68 Miss., 88, could there be a more absurd proposition than that these old claims are not

barred? Section 2736, code 1892, recognizes the justice of the doctrine that such claims should be barred.

COOPER, J., delivered the opinion of the court.

Although the claims sought to be enforced by the petitioner are very old ones, we are unable to perceive any valid reason why they should not now be paid.

It was long ago decided that no statute of limitations applied to judgments of the county authorities allowing claims against the counties, for the reason that the party entitled to payment cannot coerce satisfaction by suing out execution. *Carroll* v. *Tishomingo County*, 28 Miss., 38; *Klein* v. *Supervisors*, 54 Miss., 254.

The allowance of the claims by the county authorities carried with it an obligation to provide funds to pay them, and for failure to discharge this duty they are subject to suit by mandamus. *Attala County* v. *Grant*, 9 Smed. & M., 77; *Carroll* v. *Tishomingo County*, 28 Miss., 38; *Klein* v. *Supervisors*, 54 *Ib.*, 254.

It is true that one proceeding against the county authorities by mandamus must have secured allowance of his claims by proper judgments, but there is nothing in the decision in *Honea* v. *Supervisors*, 63 Miss., 171, that suggests that the warrants may not be stated as the measure of his right by the petitioner, supplemented by proper averments that they are supported by proper judgments, as is done in this petition.

A claim not barred by the statute of limitations is not a stale claim. *Westbrook* v. *Munger*, 61 Miss., 329.

*Judgment reversed, demurrer overruled and cause remanded.*