George l'Hote et al. *v.* Mrs. Joseph U. Roca et al.

[58 South. 655.]

1. Wills. *Construction. Laws governing. Testator's intent.*

   A will should be so construed as to carry out the intent of the party making it.

2. Wills. *Construction. Laws governing. "Disposable property."*

   A will made by a resident of Louisiana, conveying the "disposable portion of all" the property that she owned at the time of her death, conveys the whole of her property situated in the state of Mississippi; though under the laws of Louisiana her "disposable property" was only one-third' of her estate, the laws of Mississippi controlling as to the property located in this state.

Appeal from the chancery court of Hancock county. Hon. T. A. Wood, Chancellor.

Bill by Mrs. Joseph U. Roca and others against George l'Hote and others. From a judgment for complainants, defendants appeal.

The facts are fully stated in the opinion of the court.

*McDonald & Marshall,* for appellants.

Even though this court may hold that the testatrix did in her will dispose of her Mississippi property, the law is plain and well defined that when a testatrix frames a will in the place of her domicile and evinces in the will an intention that real estate owned by her in another state shall be disposed of according to the rule of the

state of her domicile, then her intention shall control, provided the disposition is not in conflict with the law of the place where the land lies.   Technical terms used in a will must be given the meaning acorded them in the domicile of the testatrix, where the will was made.   In the first paragraph of the will in question, Mrs. l'Hote bequeathed the "disposable portion" of her property, including her tomb situated in the Metairie Cemetery in New Orleans.

Under article 1493 of the Civil Code of Louisiana, the "disposable portion" of a testatrix shall not exceed one-third of her property, provided she leaves upon her death three or more children, as in this case.   While we insist, with respect, that this testatrix died intestate as to Mississippi property we urge that even though this court should hold that the will provided for the disposition of the Mississippi property clearly the complainants in this suit—appellees here—were entitled by this will only to a one-third interest in the lands in Mississippi. Please see note to case of *Lindey* v. *Wilson,* 2 L. R. A. (N. S.) 408.

The question of law involved in the disposition of this cause being well established and fundamental we deem the citation of authority a burden, rather than an aid, to this court, and therefore, assume the responsibility of dispensing with it.

*W. J. Gex,* for apellees.

We cannot comprehend how the words used by the testatrix in this will could be so construed as to make them mean in Mississippi and in reference to realty situated in Mississippi, a one-third interest.   It is plain, as we see it, that Mrs. Geo. l'Hote sought by her will to grant her three daughters every part and parcel of her estate that it was within her power to  so devise, regardless of where it is situated.   True it is, that because of the peculiarities of the Louisiana laws she was, possibly,

limited in the disposition of the realty situated there to one-third, there being no such restriction under the Mississippi laws her intention as expressed in the will must be carried out under our law; but, if the court was to disregard the plain and unmistakable words of the will and to delve into the realms of possibility we submit that the very fact that Geo. l'Hote, one of her sons, was very much embarassed and that whatever property she might leave to him would be pounced upon by his creditors, as it appears by this record they have done, would be incentive enough to endeavor to exclude him from the benefits of her estate as far as she was able to, subject only to the peculiarities of the law of the situs of the Louisiana property, and for aught that we know the same conditions might exist as to her other four heirs in Louisiana.

However, all of the above speculations must be set aside and disregarded in the face of the well established rules of construction of wills.

In the case of *Vannerson* v. *Culbertson,* 10 S. & M. 153, Mr. Justice CLAYTON in delivering the opinion and laying down the general rule of law as to the interpretation of wills, said in part as follows: "A great number of cases were read upon the argument to show what is the true meaning of the will; but unless precisely the same words are used in both wills, and in the same connection, adjudicated cases can give but little aid in exposition. The great rule of interpretation is, that the intention of the testator must be ascertained from the language employed in the will, and must be carried into effect, if not inconsistent with the rules of the law. In seeking for the intention, words are to betaken in their ordinary and grammatical sense, unless a clear intention to use them in another can be collected.  2 Jarman on Wills, 728, *et seq.*; Lieber's Legal Herman, 120.  When there is no ambiguity in the words, there is no room for interpretation."

In the case of *Sorsby* v. *Vance,* 36 Miss. 564, the court in laying down the rule for the interpretation of wills, said in part as follows: "In the construction of wills, the main object is to ascertain the intention of the testator; the intention is to be gathered from the whole will, and, if legal, is to be carried out, notwithstanding it may violate technical rules, which relate to the construction of words rather than the nature of the estate."

In the case of *Currie & Naylor, Exrs.,* v. *Murphy et al.,* 35 Miss., Chief Justice SMITH, in delivering the opinion of the court and in answer to the suggestion that the will should be construed from circumstances arising *aliunde* rather than following the words of the instrument, said in part, at page 487, as follows:

"In the construction of wills, the chief object is to ascertain the true intention of the testator. And it is always the safest mode of construction to adhere to the words of the instrument, without considering either circumstances arising *aliunde* or calculations that may be made as to the property, or the consequences which may flow from any particular construction."

*In re Hertz et al.* v. *Abrahams, Adm.,* 50 L. R. A. 361, it is stated in part as follows: "The intention of a testator, if legal, governs the construction of his will, and is to be ascertained from the words thereof. If he uses words which clearly create one estate, though he designed another, his intention must yield to the rules of the law."

In *Wright* v. *Dem Ex Dem Page,* 10 Wheat. (U. S.) 204, and referred to in Digest of U. S. Supreme Court Reports in vol. 5, at page 5909, paragraph 60, it is said: In the construction of wills, the law does not decide upon conjectures, but upon plain, reasonable and certain expressions of intention. See also citations therein.

In *Gee* v. *Gee,* 107 Ill. App. 313, it is said: "The intention which is to be sought for in the construction of a will is not that which existed in the mind of the testa-

tor, but that which is expressed by the language of the will.''

In *Davis* v. *People,* 111 Ill. App. 207, it is said: ''A will must be construed by reference only to the language employed by the testator.''

In *Lynch* v. *Pendergast,* 67 Barb. 501, it is said: ''The intention derived from the language used in a will is to be the polar star, to guide in the construction to be given.''

In *Kinney* v. *Kinney,* 34 Mich. 250, it is said: ''It is not permissible to deduce from the testator's circumstances an intent differing from that which he has plainly expressed in the will.''

That the law of the situs of the realty must always govern in the construction of wills is so well and thoroughly exhausted in the note to the only case cited by the appellant we can hardly do better than to refer this court to that note, from which we cited in part as follows (*Lindsey* v. *Wilson,* 2 L. R. A. [N. S.] 415):

''It is equally well settled that the capacity to make a will of real property is governed by the law of place where the property is situated, irrespective of the law of the domicile of the testator, of the place where the will was executed, or of any other law or place whatsoever. The testamentary disposition of real property must conform to the law of the place where the property is situated both as respects the power and capacity of the testator, and the forms and solemnities required to give the will effect. *Varner* v. *Bevil,* 17 Ala. 286.

''The capacity to devise real property depends upon the *lex rei sitae. Dickey* v. *Vann,* 81 Ala. 425, 8 So. 195.

''The law of the place where the property is locally situated governs as to the capacity or incapacity of the testator to dispose of his real property, and the forms and solemnities necessary to give the will its due attestation and effect as to such property. *Williams* v. *Saunders,* 5 Coldw. 60.

"The capacity of the testator, and the extent of his power to dispose of real property, and the forms and solemnities necessary to give the will its due attestation and effect as to such property, are to be determined by the *lex rei sitae. Mills* v. *Fogal,* 4 Edw. Ch. 559."

And again at page 425 of the same authority, in the note we read as follows: "The validity of a will made in Louisiana by a citizen of Louisiana disposing of real estate situated in Mississippi is governed as to form by the law of Mississippi. Hasling's Succession, 114 La. 293, 38 So. 174."

In *Doe ex dem W. H. Wynne et al.* v. *Wynne et al.,* Mr. Justice YERGER in delivering the opinion of the court, in a case where the testator had by his will, made in Tennessee, devised all of the property that he owned to his wife, and at that time the said devisor owned real and personal property only in the state of Tennessee, but after executing his will sold his Tennessee property and purchased realty in Mississippi, and where it was contended, and was a fact under the laws of Tennessee, that a will could not devise after acquired property in Tennessee, in disposing of identically the same contention made in this case by the appellants said in part as follows (23 Miss. 256):

"The argument has been pressed upon us, that as by the law of Tennessee at the date of the will, the testator could not devise after acquired land, we must presume that it was not his will or intention that they should pass by the devise. But this argument is not entirely tenable. The cases in the books are numerous where the intention is manifest, but where that intention could not prevail, because it controverted the law, and we presume that the courts of Tennessee in regard to realty situated there, in giving a construction to this will, would decide that on the face of the will the intention is manifest that the testator designed bequeathing to his wife all the estate of which he might die seized, regardless of the date

of its acquisition. It is true, that in Tennessee, at the date of this will, that intention, however clear, could not have been carried into effect, because the testator had no power at that time by the law of that state to make such a devise. Whether or not the courts of that state would hold that the subsequent statute, conferring the power upon the testator to make such a will, would justify them in sustaining this will as to realty situated there, and acquired after its date, we do not know.

"But it is clear to our minds that, as the will manifestly shows that the intention of the testator was to give to his wife all the property of which he might die seized, whether owned at the date of it, or subsequently acquired, that intention must prevail and be carried into effect by the courts of this state in regard to realty situated here, there being no question whatever that the power existed under our laws to make such a will.

"We are therefor of opinion, that the defendant in error is entitled by the laws of this state to the lands in controversy. This view of the case makes it unnecessary to examine the question of publication. Let the judgment be affirmed."

And the supreme court of the state of Louisiana, in which state the present will was made, supported this contention and affirmed a case in the state of Louisiana under the said authority. See *Wells* v. *Wells*, 35 Miss. 643.

MAYES, C. J., delivered the opinion of the court.

On the 17th day of March, 1904, Octavia Maillot l'Hote, widow, executed a last will and testament. When the will was made, the testatrix was a resident of the city of New Orleans, in the state of Louisiana. The testatrix died some time in the month of January, 1910, after which the will was duly probated in the proper court of the parish of Orleans, in the state of Louisiana, the place of residence of testatrix. Subsequently a certified copy

of the will was duly probated in the chancery court of Hancock county, Miss. The testatrix left surviving her a number of children. We give below a copy of the will in so far as it is involved in this case.

"I am named Octavia Maillot, widow George l'Hote, I live in the city of New Orleans, I give and bequeath to my three daughters, Emma l'Hote, wife of George V. Roca, Louise l'Hote, wife of Frederick Tiblier, and Caroline l'Hote, widow of George W. Kelley, the disposable portion of all my property, real or personal, that I might own at the day of my death, including my tomb, situated in Metaire Cemetery to be divided among them equally.

"I understand and I wish that the legacies above mentioned shall be besides and above the legacies hereinafter mentioned.

"I give and bequeath the balance of all my possessions, movable and immovable, that I might leave after my death, after the legacies above shall be satisfied, and my debts paid, to my children and grand children to be partited among them in the portion established according to the Louisiana laws."

After the probation of the will in Hancock county the three daughters filed a bill in the chancery court of Hancock county in which it was alleged that among other property left by the testatrix was a house and lot in the town of Waveland, Miss.; that by the provisions of the will the testatrix left the "disposable portion of all" her property, real and personal, to complainants; that defendants are setting up some claim to the titles to the land in question on the pretext that the will devised to the complainants only a part of the lands; that the idea of the defendants is that, "the disposable part of an estate" in Louisiana being only one-third, therefore the defendants claim that, as they are the children and grandchildren of the testatrix other than the three daughters named in the first clause of the will, they are

entitled to an undivided two-thirds interest in the land situated in Mississippi. It is then alleged that the claim of the defendants casts a doubt, cloud, or suspicion on the title of complainants, and prevents a sale of the land, and the bill prays for a cancellation of the claim of the defendants, a quieting of complainants' title, and a decree adjudging the property to belong to complainants. This bill was demurred to, the demurrer overruled, and, defendants declining to plead further, judgment final was entered against defendants declaring the property to belong to complainants, and canceling all claims of the defendants to same. From this judgment an appeal is prosecuted.

In the construction of a will, it is a cardinal rule to so construe it as to carry out the intent of the party making it. It is superfluous to even repeat this rule. The testatrix plainly says: "I give and bequeath to my three daughters [naming them] the disposable portion of all my property, real or personal, that I may own at the day of my death." If the above language is to be considered, uninfluenced by what counsel for appellants tells us is the law of Louisiana in reference to the right of the testatrix to dispose of all her property there, the will needs no interpretation from any court, as its intent is plain. The difficulty in the case, as suggested by counsel for appellants, is that counsel argues that this court in arriving at the intent of the testatrix must read into her language the law of Louisiana, and restrict the amount of property conveyed by the will in this state to what constituted the "disposable property" of the testatrix in Louisiana. It seems that in Louisiana the "disposable property" of the testatrix was only one-third of her estate. We have not examined the law as to this, because we deem it immaterial. In the first place, as was stated in the case of *Wynne* v. *Wynne*, 23 Miss. 256, 57 Am. Dec. 139, "as the land is situated in this state, the rights of the parties must be determined

by the laws of the state of Mississippi,'' although the testatrix was domiciled in Louisiana at the date of the will and at the time of her decease. In the next place the plain intent of the testatrix, as expressed in the will, is that she gives to complainants ''the disposable portion of all'' her property. In this state she could dispose of all of her property by will without any restriction, and the will does not indicate any purpose on the part of the testatrix to limit the amount of property conveyed to complainants in this state to what would have been the ''disposable portion'' under the laws of the state of Louisiana. The will shows an unmistakable intent on the part of the testatrix to leave all her property to complainants, save such as the law prohibited her from leaving. If the testatrix had intended to leave to complainants only such an amount of her estate as was ''disposable property'' under the laws of Louisiana, it would have been an easy matter to have expressed this intent and not use words that indicate an opposite purpose.

The case of *Wynne* v. *Wynne*, 23 Miss. 251, 57 Am. Dec. 139, is conclusive of the legal principles controlling this case. In the case above cited one Albert H. Wynne died in the state of Tennessee in the year 1849. Prior to his death he executed a will by which, after providing for the payment of his debts, he gave to his wife ''all the balance of my property, both real and personal, to have and to hold to her own benefit to the exclusion of all others.'' On the date the will was made the testator owned a small tract of land in Tennessee and other personal property situated there. Subsequent to the making of the will, he disposed of the land in Tennessee, and bought land situated in the state of Mississippi. The complainants were the heirs at law of Wynne and claimed the land as such. The widow claimed it by virtue of the will, which had been probated both in Tennessee and in Mississippi. At the date of the will,

the common law prevailed in Tennessee, and this pre-
vented a person from devising after-acquired lands. No
such law prevailed in this state. In stating the ques-
tion involved in the above case, the court said: ''The
question in the case is, Can defendant, the devisee in
the will, hold the lands acquired by the testator subse-
quent to the date of the execution of the will to the
exclusion of the heirs at law?'' In the above case it was.
argued to the court that in arriving at the intent of
the testator as to the quantity of estate intended to be
conveyed by the will, the laws of the state of Tennessee
should be looked to; and since under that law at the date
of the will no after-acquired property could be devised,
and as the property in question in that case was ac-
quired after the date of the will, it therefore followed
that the will disclosed an intent not to convey the par-
ticular property. In answer to this argument the court:
said: ''The argument has been pressed upon us that,.
as by the law of Tennessee at the date of the will the
testator could not devise after-acquired land, we must
presume that it was not his will or intention that they
should pass by the devise. But this argument is not.
entirely tenable. The cases in the books are numerous.
where the intention of the testator to convey was mani--
fest, but where that intention could not prevail, because·
it controverted the law, and we presume that the courts;
of Tennessee in regard to realty situated there, in giving
a construction of this will, would decide that on the face
of the will the intention is manifest, that the testator
designed bequeathing to his wife all the real estate of
which he might die seised, regardless of the date of its
acquisition. It is true, that in Tennessee, at the date
of the will, that intention, however clear, could not have
been carried into effect, because the testator had no
power at that time by the law of that state to make such
a devise. Whether or not the courts of that state would
hold that the subsequent statute conferring the power

upon the testator to make such a will would justify them in sustaining this will as to realty situated there, and acquired after its date, we do not know. But it is clear to our minds that, as the will manifestly shows that the intention of the testator was to give to his wife all the property of which he might die seised, whether owned at the date of it, or subsequently acquired, that intention must prevail and be carried into effect by the courts of this state in regard to realty situated here, there being no question whatever that the power existed under our laws to make such a will. We are therefore of opinion that the defendant in error is entitled by the laws of this state to the lands in controversy." *Wynne* v. *Wynne,* 23 Miss. 251, 57 Am. Dec. 139.

The language of the opinion in this case is peculiarly appropriate to the case under consideration. The intent of the testatrix in this case to convey all of her disposable property is not left in doubt. We accept the language of the testatrix as she uses it, and give effect to her will as it appears to us to have been her intention. She said that she gave to complainants all her "disposable property," and we will not limit the quantity of land which goes by virtue of this broad language, so as to exclude any portion of the estate from the operation of the will, simply because in Louisiana she could not dispose of all her property. The law of Louisiana places its own limitations as to the power of owners to make disposition of their property, and the laws of the state of Mississippi control here.          *Affirmed.*

*Suggestion of error filed and overruled.*