BENTONVILLE TAYLOR VS. MARION COUNTY.

CLAIMS AGAINST COUNTY: *How collected. Appeal from board of supervisors.*
  Where a claim against a county is presented to the board of supervisors for payment, and the board rejects and disallows it, the party aggrieved may take his bill of exceptions and remove the case to the circuit court,

by appeal, to be reviewed and affirmed, or reversed upon the case as presented by the bill of exceptions. Code, 1871, § 1383. A party holding a claim against any county in this state may present it to the board of supervisors for allowance, and if they refuse to allow it, he may bring suit against the board in any court of competent jurisdiction, and if he recover judgment, the board shall issue a warrant for the same, or if they refuse, the property of the county shall be liable to pay the judgment. Code, 1871, § 1384. A party having a claim against a county has open to him two modes of prosecuting it. One under and pursuant to § 1383, and the other according to § 1384, with the privilege of a writ of error alike in both.

ERROR to the Circuit Court of *Marion* County.

Hon. G. C. CHANDLER, Judge.

Plaintiff in error presented his claim for professional service as an attorney-at-law, to the board of supervisors of Marion county, for $600. The board disallowed the account, and he took an appeal to the circuit court, where the judgment of the board was affirmed, and the case comes to this court on writ of error.

The following is assigned for error: "The circuit court erred in affirming the judgment of the board of supervisors disallowing the account of $600, presented against Marion county by plaintiff in error, for legal services rendered in behalf of the county."

*Bentonville Taylor*, for plaintiff in error, filed a brief and written argument, citing, Code, 1857, pp. 420, 419, art. XXXIV; Act of 1870, p. 150.

*G. E. Harris*, Attorney General, filed a brief and argument, citing Code, 1857, p. 420, art. XXXV; Code, 1871, p. 276, § 1379.

TARBELL, J., delivered the opinion of the court.

§ 1383 of the Code is as follows: "Any person who may conceive himself aggrieved by any judgment or decision of the board of supervisors, may appeal to the next term of the circuit court of the county, and may embody the facts and evidence in a bill of exceptions, which shall be signed by the president of the board;

and it shall be the duty of the board to grant such appeal when demanded; and the clerk shall transmit the proceedings to the circuit court, on or before the first day of the next succeeding term ; and the court shall hear and determine the same on the case as presented by the bill of exceptions, as an appellate court, and shall affirm or reverse the judgment; and if the judgment be reversed, the circuit court shall render such judgment as the board ought to have rendered, and certify the same to the board of supervisors, and costs shall be awarded as in other cases. The board of supervisors may employ counsel to defend such appeals, to be paid out of the county treasury." § 1384 is as follows:

" Any person having a just claim against any county in this state, which the board of supervisors may refuse to allow, may bring suit against such board in any court having jurisdiction, and in case such party shall recover, the board shall allow the same, and a warrant shall issue, as in other cases, but either party shall have the right to appeal, or writ of error in such cases ; and should the board still refuse to issue a warrant to satisfy such judgment, the property of the county shall be liable to the satisfaction of the same, as in other cases ; and the board of supervisors are authorized to sue, and may be sued, in the name of the board of supervisors of the county of ——, in all matters in which the county may be interested. Process in suits against the board may be served on the president, or by filing a copy with the clerk, or leaving the same at his office. § 1385 authorized the board of supervisors " in their discretion to employ counsel in all civil cases, in which the county is interested, and in matters in relation to the state and county taxes to conduct the proceedings, instead of the district attorney, and to pay such counsel out of the county treasury, and such proceedings shall be as valid as if conducted by the district attorney."

Under the last section the plaintiff in error was employed by the board of supervisors of the county of Marion to perform some duty for which he presented his bill to the board for allowance. For some cause the board rejected his claim, thereupon, he pre-

sented an appeal to the circuit court in the mode provided in section 1383. The circuit court affirmed the decision of the board of supervisors, thereupon, the present writ of error was prosecuted.

To a correct elucidation of the case at bar, a reference to prior statutes is necessary. Before the revision of 1857, the following was the law : "Sec. 41. It shall and may be lawful for all persons who feel themselves aggrieved by the judgment of the board of police of any county, to appeal by bill of exceptions or *certiorari* to the circuit court of his county ; which appeal shall be taken during the term of the board at which judgment is entered, or at the next succeeding regular term thereof, and not after."

" In cases where appeals are prosecuted in the circuit courts, the president of the board of police shall defend the same; and all expenses and money paid by him shall be repaid by the proper county by order of the board of police." How. & Hutch., 453.

This statute was considerably enlarged, and the practice in such cases is now fully defined by the revision of 1857. Code of 1857, p. 419, art. 33, 34. By the former law an appeal was authorized only from a " judgment " of the board of police. By the latter it was allowed from any "judgment or decision " of such board and the decision of the circuit court was thereby made "final." Code of 1857, p. 419, art. 33.

The code of 1871 is a literal transcript of the code of 1857, with the exception that the judgment of the circuit court is not, in words, made final, the words, "and the judgment of the circuit court shall be final," used in the code of 1857 (p. 419, art. 33), being omitted from the code of 1871.

These changes must be considered material and significant of the intention of the law makers. By the code of 1857, the judgment of the circuit court in such case was final, by express terms. This finality was too distinct to have been omitted from the present code, except by design, and from an intention to open to litigants in these cases, the benefit of a writ of error with us, a writ of right.

Taking this view of the code of 1871, a party having a claim against a county has open to him two modes of prosecuting it; one under and pursuant to § 1383, and the other according to § 1384, with the privilege of a writ of error, alike in both. That the (decision) of the supervisors in the case at bar is one from which an appeal may be taken to the circuit court, reference is made to County of Yalabusha *v.* Carbry, 3 S. & M., 529. The precise point was there decided, accepting the practice as thus settled.

The judgment is reversed and remanded to be disposed of on its merits.