REBECCA POLK VS. BOARD OF SUPERVISORS OF TUNICA COUNTY.

1. COUNTY WARRANTS: *Suits thereon.  Contract.  Declaration.  Case in judgment.*

The holder of a county warrant cannot sue the county in an ordinary action, based upon the warrants. If the instrument upon which this action is based is declared on as a county warrant, the action cannot be maintained. If it is to be regarded as an action on a debt contracted by the board of police, out of the ordinary course of dealing, the declaration must show the circumstances which authorized the board to contract such a debt. In no case is the warrant, which is the act of the clerk, a cause of action. It is the order of the board allowing such claim which is the evidence of the claimant's right, and the foundation of any proceeding against the board.

ERROR to the Circuit Court of *Tunica* County.

Hon. E. S. FISHER, Judge.

The facts in the case necessary to a full understanding of the principles announced are stated in the opinion of the court.

*Adams & Dixon*, for plaintiff in error.
*Chalmers & Reid*, for defendant in error.

Campbell, J., delivered the opinion of the court.

This is an action on an instrument in these words, viz. :

" $942.53.   State of Mississippi—*Tunica County Clerk's Office.*

*To the County Treasurer:*

Pay to A. J. Polk, or bearer, the sum of nine hundred and forty-two dollars and fifty-three cents, bearing eight *per cent.* interest from date, on account of debt, work on levee, and for so doing this shall be your warrant.

Given under my hand and seal of office this 16th day of February, A. D., 1863.

J. M. Phillips,

[SEAL.]         Clerk of Police Court for Tunica county."

The declaration avers the issuance of this warrant by the board of supervisors, and that it came to the hands of plaintiff, and that the board of police had been succeeded by the board of supervisors, with a devolution of the duties of the former on the latter.

A demurrer of plaintiff to one of the pleas of defendant was extended to the declaration and, as plaintiff refused to amend, the action was dismissed, and we think properly. Viewed as an action on an ordinary county warrant it was not maintainable, as we have held at this term in the case, Klein *v.* Supervisors of Warren County, and regarded as action on a debt contracted by the board of police out of the ordinary course of its dealings, the declaration was bad for not showing the circumstances which authorized the board to contract such debt. The declaration should aver the facts which authorized the issuance of a warrant.  In no case is the warrant, which is the act of the clerk, a cause of action.  It is the order of the board allowing such claim which is evidence of the claimant's right, and the foundation of any proceeding against the board. The warrant is the evidence to the treasurer of the allowance

by the board of the sum named, and is his voucher for the payment, but the validity of the claimant's demand depends upon the judgment of the board allowing his demand.

The judgment dismissing the action on demurrer extended to the declaration is affirmed.