## CLAY COUNTY v. CHICKASAW COUNTY.

1. COUNTIES. *Suits against. Demand. Refusal to pay. Entry on minutes. Code 1892, § 292.*

   Insufficient presentation to and failure by the board of supervisors to disallow a claim is no defense to a suit against the county thereon, when the same was presented for payment, referred by the board to its attorney, and the attorney informed plaintiff he would have to sue. The statute, code 1892, § 292, requiring the presentation of claims for payment before suits against a county, does not require the rejection of a claim to be recorded on the minutes of the board.

2. RES ADJUDICATA. *Previous suit. Judgment.*

   A judgment in a previous suit does not support a plea of *res adjudicata* in a second suit between the same parties, if the claim propounded in the second was not, and could not have been, litigated in the first.

FROM the chancery court of Clay county.

HON. BAXTER McFARLAND, Chancellor.

The appellee, Chickasaw county, was the complainant in the court below. Clay county was defendant there. Clay county was created in 1871* (laws 1871, p. 800), under the name "Colfax," which name was changed to Clay in 1876 (laws 1876, p. 128). A large part of the territory of the new county was excised from Chickasaw county, and, by the act creating the new county, it was provided that it should pay a relative portion of the debts of the old counties, respectively, from which it was formed. In 1882 Chickasaw county sued Clay county for the latter's *pro rata* share of a railroad bonded debt contracted prior to the formation of the new county, and

---

*The act of May 12, 1871, creating the county, was vetoed by the governor, but passed over the veto. The governor, however, refused to recognize its passage, and declined to appoint the commissioners to organize the county. When the legislature met in 1872 it passed another act, approved April 4, 1872, creating the county (laws 1872, p. 107) substantially like the act of 1871.

recovered a judgment for $14,972.22, after protracted litigation. See *Chickasaw County* v. *Clay County*, 62 Miss., 325; *Clay County* v. *Chickasaw County*, 63 Miss., 289, and *Clay County* v. *Chickasaw County*, 64 Miss., 534. The decree was paid. This prior litigation, judgment, and payment were pleaded in bar of the present suit. The present action is predicated of a claim which Chickasaw county, after the satisfaction of said judgment, was compelled to pay, on warrants and other evidences of debt issued by the county before Clay county was formed. Chickasaw county denied liability on the claim for years, and only recognized its validity after it was reduced to judgment, and this, too, after vigorous litigation. See *Taylor* v. *Chickasaw County*, 70 Miss., 87, and *Taylor* v. *Chickasaw County*, 74 Miss., 23. The facts in reference to the presentation of the claim for payment to the board of supervisors and its rejection by the board are stated in the opinion of the court.

*S. M. Roane*, for the appellant.

An adjudication is final and conclusive, not only as to the matters actually determined, but as to every other matter which parties might have litigated and had decided. It is not sufficient to say that the matters in second suit were not discovered at time of first suit. The test is, did they exist then? *State* v. *Morrison*, 60 Miss., 74. Can Chickasaw county divide up her claim against Clay county, and bring separate suits for each item of indebtedness due by Chickasaw county at the time of dismemberment? Indivisibility of issues generally. 21 Am. & Eng. Enc. L., 204. Indivisibility of issues arising *ex contractu*. Same authority, 206 to 212. Indivisibility of issues arising *ex delicto*. Same authority, 212, etc. What might have been litigated. Same authority, 116, 217, and notes. Rule in equity. Same authority, 220. The claim of Chickasaw county does not arise *ex contractu*, but is purely statutory. *Clay County* v. *Chickasaw County*, 64 Miss., 534. Said claim is indivisible.

There was no presentation to the board of supervisors of Clay county before suit brought, and this was a condition precedent. The letter of the attorney of Clay county was not a presentation of the claim sued upon to the board of supervisers of Chickasaw county for allowance.

*Newnan Cayce,* for appellee.

The claim was presented to the board of supervisors of Clay county, and by them referred to their attorney, who afterwards, and before the suit was instituted, informed the attorney for Chickasaw county that the appellant would not pay the claim. The fact of presentation and of rejection may rest in parol; no written order of the board is necessary to be made. *Brookhaven* v. *Lawrence County*, 55 Miss., 187.

At the time the former suit between appellee and appellant was pending, the claim here sued on was also pending in court against Chickasaw county, the board of supervisors of the latter county refusing to pay it or to acknowledge it as a debt against said county, and it was more than twenty years afterward before such claim, by judgment of the supreme court of Mississippi, became an indebtedness of Chickasaw county. The appellant became liable to pay its proportionate part of said debt when it was reduced to final judgment. This claim was not, nor could it have been, involved in the former suit, for manifest reasons. *Perry* v. *Lewis*, 49 Miss., 443; *Shattuck* v. *Miller*, 50 Miss., 391. One of the essential and indispensable elements of *res adjudicata* is the identity of the cause of action. In this case such identity is wholly wanting.

WOODS, C. J., delivered the opinion of the court.

In the month of January, 1897, the claim here sued on was formally presented by the attorney of the appellee to the board of supervisors of Clay county, and the facts supporting the claim were stated in his communication with particularity. The communication was referred, by an order entered upon the

minutes of the board of supervisors of Clay county, to the at-. torney of that board.    The attorney of appellee was informed thereafter, by the said attorney of appellant, that he did not think Clay county liable for the claim, and that Chickasaw county would have to bring suit, and an action was thereupon instituted.    After demurrer properly overruled to complainant's amended bill, the appellant answered, and, on hearing, after evidence taken, a decree was entered in favor of complainant, and Clay county appeals.

We are of opinion that there was a sufficient presentment of the claim, and sufficient evidence of a refusal to allow the claim. While it is true that no order of refusal to allow the claim entered upon the minutes of the board of supervisors of Clay county, it is true also that none was necessary.    It is only in case of an allowance of a claim that the statute requires an order to be entered upon the minutes.    It is contended, also, by appellant's counsel that the decree of this court in the case of *Clay County* v. *Chickasaw County*, 64 Miss., 544, was a final adjudication of all matters in controversy between the two counties. But this is not correct, for the claim, which is the foundation of the present suit, neither was nor could have been litigated in the former suit.    The liability of Chickasaw county on the claims which gave rise to the present litigation was not established for more that ten years after the former suit had been finally determined, and until appellees' liability on the disputed claims had been declared by the courts of the county, Chickasaw county had no claim against Clay county for payment of the latter's proportionate part of the disputed claims.