COVINGTON COUNTY v. MORRIS.

[84 South. 462. In Banc. No. 21128.]

1. TRIAL. *Reasons for requested peremptory instruction need not be stated.*

On request for a peremptory instruction, the defendant is not required to then and there point out specifically the reasons upon which he bases his request for the directed verdict, but the request raises the point as to whether the plaintiff has proven his case in all of its essential requirements.

2. COUNTIES. *Plea of general issue puts presentation and disallowance of claim in issue.*

In suits against a county, it is necessary to allege and prove that the claim has been first presented to and disallowed by the board of supervisors before suit can be maintained, and, where the declaration alleges presentment and disallowance, a plea of

the general issue by the county puts this essential fact in issue, and the burden is upon the plaintiff to prove the alleged fact as a condition precedent before the suit can be maintained under the statute giving the right to sue a county.

Appeal from Circuit Court of Covington County.
Hon. W. H. Hughes, Judge.

Action by S. Morris against Covington County. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial.

*Fred A. Lotterhos*, for appellant.

The complaint has heretofore been before this court, being presented by the declaration and demurrer in the cause entitled *Morris* v. *Covington County*, 80 So. 337, in which the court held that a declaration charging that the board of supervisors had adopted an order vacating and abandoning the public highway, and that the abandonment of the highway left the plaintiff without a way of ingress to and agress from his farm, and deprived him of access thereto; and charging that the plaintiff had presented his claim to the board of supervisors, and that the same was disallowed, stated a cause of action.

The declaration shown in the record in the instant case alleges that the claim for damages was presented to, and disallowed by, the board of supervisors; but there is no proof of this fact set forth in the record which it is respectfully submitted, is fatal to the verdict herein, and that by reason of the failure to make such proof, the court below should have sustained the motion to exclude the plaintiff's evidence, or should have given the peremptory instruction requested by the appellant, and certainly should not have given a peremptory instruction for plaintiff. See *Jackson* v. *Monroe County*, 81 So. 787, which would seem to be decisive herein. There the appellant had sued as an aggrieved property

owner, because of the change in the location of a public road, as is the case here; and the court stated that a demurrer must be sustained to the declaration, because the declaration failed to state that the claim was first presented to the board of supervisors for allowance. The declaration herein meets with the requirement, but that allegation of the declaration is not supported by proof.

Section 311 of the Code of 1906 (Hemingway's Code, sec. 3684), requiring claims against a county to be presented for allowance to the board of supervisors, requires that a demand for a definite sum of money be presented; and the knowledge on the part of the board of supervisors that the appellee was dissatisfied with the order discontinuing the road is not to be taken as sufficient to dispense with the filing of the claim. Here a jury has brought in a verdict of eight hundred dollars, which may be in excess of the amount that would have been demanded, had the claim been filed. The county is entitled to have its governing body know the amount demanded, before the county can be made to respond to an action at law. It is conceivable that in some instances the supervisors would be moved to approve or disapprove a given claim, because of the amount demanded, which may be taken as a basis for the final adjustment of the matter, without regard to the nature of the controversy in general.

That the judgment of the court should be reversed is respectfully submitted.

*S. Conner*, for appellee.

The county now appears to base its claim for a reversal of the judgment of the lower court principally on the contention that the record does not affirmatively show the claim was presented to and disallowed by the board of supervisors.

122 Miss.—32.

The declaration alleges the claim was presented to the board, who disallowed it, and this allegation was not denied or put in issue by special plea. When plaintiff rested his case the defendant offered to exclude the testimony offered but did not assign, as a reason therefor, that the requirements of section 311, Code of 1906, Hemingway's Code, sec. 3684, had not been shown to have been complied with.

Neither did the defendant offer to prove to the court that this had not been done, although members of the board of supervisors, familiar with the facts appeared on the witness stand. After all the evidence had been received, the defendant asked for a peremptory instruction, but did not assign as a ground therefor, that the record did not show the claim had been presented to the board before suit was filed. Neither did the county request the court to instruct the jury that such proof would be necessary in order that the plaintiff might recover. Now, after the case has been tried on its merits, and a verdict rendered by a jury of taxpayers and citizens of the defendant county, the appellant for the first time, questions the right of the plaintiff to bring his claim in court.

We respecfully submit, granting for the present, that the record in this case does not affirmatively show that the plaintiff first presented his claim to the board of supervisors, that the county cannot now be heard to urge the defense for the first time. Our investigation of the decisions has not revealed to us a single case where this question was first raised and urged on appeal. "There is some conflict in the decisions of the courts of other states construing similar statutes" but this court has declared the legislative purposes to have been to protect the county from the expenses of unnecessary litigation by affording it opportunity to settle without suit (See *Davis* v. *Lamar Co.,* 66 So. 210). This litigation has been expensive to the county, regard-

less of the decision of this court at this time.   If this
expense is the result of unnecessary litigation because
the plaintiff did not present his claim, then it was
incurred because the county did not, at the trial on the
merits, claim the protection granted to it by the sec-
tion under consideration.

Now if it be proper that this court should now, con-
sider this question thus raised by the appellant, and
make it decisive of this appeal, then we are confident
the record sufficiently establishes the fact that Mr. Mor-
ris presented his claim to the board of supervisors, as
directed by section 311, Code of 1906.   The record does
not show that any witness was specifically asked wheth-
er or not the claim was presented to the board, but we
think the testimony conclusively shows the claim was
presented.   It is shown by undisputed testimony that
Mr. Morris made efforts to adjust this matter with
the board, and "they would not do a thing."   He
finally offered to maintain the road himself, but this
was not acceptable to the board.   The president of the
board.   The president of the board, together with other
members, officially visited the scene, investigated the
matter, and declined to do anything for the relief of
Morris.   In the light of these many efforts on the part
of the plaintiff, revealed by the record, to get relief
through the board, and their repeated refusal, does it
seem strange that the county never raised the objection
that the board had not been given the opportunity to
avoid the suit, or can it be reasonably contended that
the county has been deprived of its protection from
the expenses of unnecessary litigation?   We think surely
not.

We think the tendency of the decisions of our courts
on this point has been to place a liberal construction
on this section, to the end that it is not much a question
of whether the presention of the claim technically cor-
rect or formally sufficient, but rather simply a question

as to whether or not the county had sufficient opportun-
ity to avoid "expenses of unnecessary litigation."

In the instant acse, it clearly appears from the record
that the county has had an opportunity to adjust the
claim, many and various proposals being made by the
appellee Mr. Morris. It is further evident the county re-
fused to do anything and preferred to litigate the ques-
tion.

In conclusion, I respectfully submit that the judgment
of the court below is in accord with the law and the
evidence and should be sustained and affirmed.

HOLDEN, J., delivered the opinion of the court.

This case is here for the second time on appeal. See
*Morris* v. *Covington County*, 118 Miss. 875, 80 So. 337.
Morris, as an abutting landowner, sued the county for
damages for vacating and abandoning a certain public
road running through his farm near the town of Seminary.
Upon the second trial in the lower court, the instant
appellee, Morris, recovered judgment for damages
against the county, from which this appeal is prosecuted.

The declaration alleges that the appellee presented his
claim to the board of supervisors and it was disallowed,
before filing suit. This allegation was made in pursuance
of the requirement of section 311, Code of 1906, section
3684, Hemingway's Code, which reads as follows:

"A person having a just claim against any county shall
first present the same to the board of supervisors thereof
for allowance; and, if the board shall refuse to allow it,
may appeal from the judgment of the board to the circuit
court, or may bring suit against the county; and, in either
case, if such person recover judgment, the board of
supervisors shall allow the same, and a warrant shall be
issued therefor."

The allegation that the claim was first presented and
disallowed by the board was not denied by special plea

of the defendant, but a plea of the general issue was filed, and upon this plea the case was tried upon its merits, which resulted in the court granting a peremptory instruction to find for the plaintiff as to liability. At the conclusion of the plaintiff's testimony, the court overruled a motion by defendant to exclude, and also refused to grant a peremptory instruction for the defendant county after all of the testimony was submitted.

No effort was made by the plaintiff below to specifically prove that the claim was first presented to and disallowed by the board. The appellant contends that the failure of the appellee to prove the allegation of presentment and disallowance by the board was fatal error for which the judgment should be reversed. The appellee in answer to this contention urges that it was unnecessary for the plaintiff to prove the allegation that the claim was presented and disallowed by the board because it was not denied by a special plea, and that the plea of the general issue was not sufficient to put the allegation in issue and require the plaintiff to prove it; that it was the duty of the defendant to specially deny and disprove the allegation, and failing to do so cannot now complain; that the defendant waived the necessity of the plaintiff making this proof because it failed to point out the necessity as a reason to the court for requesting a peremptory instruction for the defendant; that, if he is mistaken in these conclusions, then he contends that there is sufficient testimony in the case showing that the claim was first presented and disallowed by the board.

When the motion by the defendant to exclude and the request for the peremptory instruction was asked, it was not incumbent upon the defendant to point out specifically the reasons upon which he based the request. The requests for the peremptory instructions presented the question and raised the point as to whether or not the plaintiff below had proved his case in all of its essential requirements.

The allegation of the declaration that the claim had been first presented and disallowed by the board was a necessary allegation and should have been proved by testimony before a recovery could be had against the county. It was essential to establish this fact as a condition precedent before a suit could be maintained against the board. Without the statute no suit against the board could be maintained, and, since the statute provides that the claim must first be presented before suit, it is clear that this material fact must be established by the plaintiff before he has the right to sue given by statute. *Jackson* v. *Monroe County,* 120 Miss. 125, 81 So. 787.

The plea of the general issue was a denial of the essential allegations in the declaration; and, as the allegation of presentment and disallowance by the board was thus denied, it was incumbent upon the plaintiff to prove the necessary fact as alleged.

As to the contention of the appellee that there is sufficient proof in the record to show that the claim was first presented and disallowed by the board, we have carefully read the record and are unable to find it. Our search in this direction has been thorough. We have read the parts of testimony pointed out by the appellee, and have patiently endeavored to put together and construe this testimony so as to find that it substantially tended to establish the alleged fact of presentment and refusal of the claim; but, viewing it liberally and in its most favorable aspect, it seems to us that it is insufficient to establish the alleged fact. It appears that counsel made no specific effort to prove this essential allegation in the declaration, for the reason perhaps of a mistaken idea as to the burden of proof in the case. We are unable to supply this lack of proof after a diligent search of the record, and, as the error committed is a substantial one, we must reverse the case.

The error pointed out for which we must reverse is substantial for at least two good reasons: The failure

to make the proof of the essential allegation was contrary to the express provision of the statute which gives the right to bring the suit; and the failure of the. appellee to make the proof was contrary to the purpose and intent of the statute, in that the provision is for the protection of the county and board of supervisors as against litigation, and to give it an opportunity to pass upon and adjust all claims against the county before suit can be filed for recovery. So far as this record discloses, we are bound to say that the board of supervisors in this case were denied the opportunity to pass upon and adjust this claim before suit was filed. The claim may have been in fact presented and ˙disallowed by the board before this suit was filed, but that fact does not appear from this record, which we have carefully searched with the purpose of finding proof of it, if possible, so that the judgment, which otherwise may be regular, would not have to be disturbed by reversal.

The judgment of the lower court is reversed and the case remanded for a new trial.

*Reversed and remanded.*