# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

## AT THE

## MARCH TERM, 1922.

---

BOARD OF SUP'RS OF JEFFERSON COUNTY *v.* LESSING.

[91 South. 697. No. 22490.]

COUNTIES. *Supervisors' failure for twelve months to allow damage claim for change in course of highway is the disallowance necessary as a precedent to suit; "refusal to allow."*

A landowner, who has a claim against a county for damages to his land caused by a change in the course of a public road of the county, who, before bringing suit thereon in the circuit court, presents the same to the board of supervisors for payment, and the board over his protest marks said claim "Continued," and takes no action thereon up to the time of the suit by such landowner in the circuit court, which was begun more than twelve months after such presentation to the board, has sufficiently complied with section 311, Code 1906 (Hemingway's Code, section 3684), requiring as a condition precedent to a suit on such claim that it first be presented to the board of supervisors for allowance, and be by it disallowed; for such action of the board amounts to a refusal to allow.

APPEAL from circuit court of Jefferson county.
HON. R. L. CORBAN, Judge.
Suit by Fred Lessing against the board of supervisors of Jefferson county. Judgment for plaintiff, and the defendant appeals. Affirmed.

(1)

*Fred A. Lotterhos,* Assistant Attorney-General, for the state.

The board of supervisors contends, with reason, that it has the right in a case where there are many claims incident to the building of a highway, to continue all of them until such time as the highway is built and then with full knowledge of all the circumstances and varying local conditions, to pass upon and settle the claims. The reasonableness of this view is apparent. Otherwise the board would be required as each claim is presented, to go and view the premises and consider the matter to a conclusion, which would necessarily be quite expensive to the public. Of course the board should not delay the consideration of claims to an unreasonable extent. But it is submitted, as a legal proposition, that it may handle them in this way within the bounds of fairness and justice. The reasonableness of this course and its justification, can be tested only by a mandamus intended to require the board to pass on the claim. Considerable latitude is allowed as to the time of hearing and the obtaining of information in an informal manner. 15 C. J., page 654, section 367.

But aside from all this, the county could not be sued at all except for the statute permitting it, and the statute says: "If the board shall refuse to allow it" may bring suit against the county. . . . (Code of 1906, section 311).

The claim sued on here was never disallowed by the board and it seems there can be no suit. See *Covington County* v. *Morris,* 122 Miss. 495, wherein the court says: "A claim must be presented and disallowed before suit may be brought." And *Jackson* v. *Monroe County,* 120 Miss. 125, where the last sentence of the opinion reads as follows: "The judgment of the court will therefore be affirmed without prejudice to the right of the plaintiff to now present his claim to the board of supervisors, for allowance and to sue, in case of a refusal."

The statute is one which has long been in our jurisprudence, and the right to bring a suit thereunder from early

times has been made dependent on a refusal to allow the claim.   See *Lawrence County* v. *Brookhaven,* 51 Miss. 68, and *Taylor v. Marion County,* 51 Miss. 731.   Where a county board has been given jurisdiction by statute over the allowance of claims, it is bound to give it a decision on the merits to enable the party to obtain a judicial decision; and mandamus will lie to compel such action in case of refusal.   15 C. J., page 652, section 366.   For these reasons, the judgment of the lower court should be reversed and the cause remanded, if not dismissed here, is respectfully submitted.

*Corban & Whittington,* for appellee.

The only point raised by appellant's brief is that the claim sued on was never rejected by the board of supervisors and this is urged as cause for reversal.   The section of statute on which this argument is based is No. 311, of Code of 1906, and the clear intention of that statute is to require all claims against a county to be presented to the board of supervisors in order that they might have an opportunity to audit and allow all proper claims.   See case of *City of Brookhaven* v. *Lawrence County,* 55 Miss. 187. The spirit of the statute is fully met if the claim is laid before the board and it refuses to allow it.   This is stated in the case above referred to.   In the case before the court the claim was duly presented to the board of supervisors of Jefferson county on August 3, 1920, and the board was requested to allow it but refused to do so and marked the claim "continued" and it has remained on file from that day to this.

Appellee finally despairing of ever getting action on his claim by having it allowed or marked rejected, filed this suit on August 15, 1921, practically thirteen months after giving the board an opportunity to audit and allow it as required by statute.   Under such circumstances it cannot be successfully argued that suit could not be maintained because the minutes do not show the claim as rejected as

the clear intention of the statute was met and every opportunity was offered and allowed the board to audit and allow the claim.

The case of *City of Brookhaven* v. *Lawrence County,* 55 Miss. 187, states that: "The theory of the statute in making presentment of the claim to the board of supervisors a condition precedent to the right to sue the board is the supposition that the board will allow all proper claims and the consideration that an opportunity will be afforded to the board to audit and allow the claim without suit, etc."

It states further that the spirit of the statute is fully met if the claim is laid before the board and it refuses to allow it whether any record is made of such refusal or not. A number of cases have been cited by the appellant to bear out the theory that the claim must be first presented to the board and the claim rejected, but by a careful reading of these cases it is clear that the cases referred to in each instance is where the claim was never presented to the board of supervisors and the board was never given an opportunity to audit and allow the claim as provided by statute. In those cases the court very properly held that the claim must first be presented to the board and if the board fails to allow it, then suit must be filed. All of that was done in the case before the court. The claim was filed, was presented to the board, they failed and refused to allow it and marked it continued, to attempt to avoid a suit. We do not think any of the cases cited are in point.

It is also urged that the board of supervisors should be given a reasonable time to look up and obtain the facts necessary to intelligently pass upon a claim. We confess that such is true, but in our opinion to take a man's property for road purposes, deprive him of the use thereof for thirteen months and still when suit is filed come in and say that it was continued in order that the board might have sufficient time to look up the claim and obtain facts necessary to enable them to pass on it, has gone so far beyond

a reasonable time, that an answer is unnecessary. Such reasonable time has long since passed.

For all the above reasons we respectfully submit that the case should be affirmed.

ANDERSON, J., delivered the opinion of the court.

Appellee, Fred Lessing, sued appellant, board of supervisors of Jefferson county, in the circuit court of that county for damages alleged to have been done his land by appellant in changing the course of one of the public roads of said county, and recovered judgment, from which appellant prosecutes this appeal.

The only question in the case is whether appellee before suing complied with section 311, Code of 1906 (section 3684, Hemingway's Code). That statute is in this language:

"A person having a just claim against any county shall first present the same to the board of supervisors thereof for allowance; and, if the board shall refuse to allow it, may appeal from the judgment of the board to the circuit court, or may bring suit against the county; and, in either case, if such person recover judgment, the board of supervisors shall allow the same, and a warrant shall be issued therefor."

On August 3, 1920, appellee filed with and presented to appellant the claim in question, and requested its allowance. Appellant had the claim marked "Continued," and failed and refused to take any further action thereon for more than twelve months, and until the 15th of August, 1921, when appellee brought this suit. It will be noted from the statute that it is made a condition precedent to suit on a claim of this character that it first be presented to the board of supervisors for allowance, and that the latter "refuse to allow it." In construing this statute in *Brookhaven* v. *Lawrence County*, 55 Miss. 187, it is said that the purpose of the statute in requiring a claim against a county to be presented to the board of supervisors as a

condition precedent to the right to sue thereon is fully satisfied when the claim is presented to the board and it refuses to allow the same, whether any record of such refusal be made or not; that there is no statute requiring such refusal to be entered on the minutes of the board, and therefore it could be proven by parol.

In *Clay County* v. *Chickasaw County,* 76 Miss. 418, 24 So. 975, it was shown that the claim in question, before sued on, was presented by the attorney of the claimant to the board of supervisors along with the facts supporting the claim. The board entered an order upon its minutes, referring the claim to its attorney. Thereafter the attorney for the board informed the attorney for the claimant that he did not think the county liable for the claim, and suggested that he sue thereon; and thereupon suit was instituted. The court held that this was a sufficient presentation of the claim to the board, and sufficient evidence of the refusal by the board to allow the claim, notwithstanding the only order on the minutes of the board was the one above mentioned; and that it was not necessary that the refusal to allow be entered upon the minutes.

Here we have complete inaction on the part of the board of supervisors for more than twelve months, without pretense of any legal excuse. We are of the opinion that there was a disallowance of this claim in the meaning of the statute. The court below so held.

*Affirmed.*