ATTALA COUNTY *v.* WOODFIN.*

(Division A.   March 26, 1928.)

[116 So. 285.   No. 27023.]

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 706, n. 33.

*Jas. T. Crawley,* for appellant.

*J. D. Guyton,* for appellee.

COOK, J.   The appellant, Mrs. M. F. Woodfin, instituted this suit against Attala county seeking to recover certain damages alleged to have been sustained as a result of the widening of a public road which runs along the side of a forty-acre tract of land owned by her; the damages claimed being caused by the alleged illegal taking of a strip across this forty acres and the destruction of a fence standing thereon, and erosion resulting in the destruction of an embankment that had been constructed on this strip of land to obstruct the flow of water across her land.   There was a verdict and judgment in favor of

the plaintiff for seventy-five dollars and from this judgment the county prosecuted this appeal.

The declaration alleged that the claim sued on had been duly presented to the board of supervisors, and had been disallowed by the board. To this declaration the defendant filed a plea of the general issue with notice of special matter thereunder. At the conclusion of the testimony there was no request for a peremptory instruction, but the cause was submitted to the jury upon the conflicting questions of fact presented by the evidence.

On appeal, for the first time, the appellant raises the point that the testimony fails to show that the claim sued on was presented to and disallowed by the board of supervisors. In the case of *Covington County* v. *Morris*, 122 Miss. 495, 84 So. 462, the court held that in a suit against a county upon a claim it was necessary to allege that the claim had been presented to the board of supervisors and disallowed; that a plea of the general issue denied this essential averment; and that a request for a peremptory instruction presented the question and raised the point as to whether or not the plaintiff had proven his case in this essential particular.

In the case at bar, however, there was neither a request for a peremptory instruction nor a motion for a new trial, and the point that the proof does not show that the claim had been disallowed by the board of supervisors was not raised or in any manner suggested in the court below, and the assignment of error raising this point does not challenge the correctness of any ruling of the court below, and since the point now raised is not jurisdictional and does not involve any ruling of the court below, we do not think it can be raised for the first time in this court. *Coccora* v. *Light & Traction Co.*, 126 Miss. 713, 89 So. 257.

We do not think any of the other assignments of error are well taken, and the judgment of the court below will therefore be affirmed.

*Affirmed.*