GRENADA COUNTY *v*. CITY OF GRENADA.

(Division B. Oct. 30, 1933. Suggestion of Error Overruled, Nov. 27, 1933.)

[150 So. 655. No. 30879.]

**S. C. Mims, Jr.,** of Grenada, for appellant.

Cowles Horton, of Grenada, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellee, city of Grenada, filed its petition before the board of supervisors of Grenada county, the appellant, asking that the county allow out of its treasury to the city one-half of the ad valorem taxes collected by the

county on property within the city for road and bridge purposes for the years 1928, 1929, 1930, and 1931, aggregating fifteen thousand nine hundred nine dollars and forty cents, one-half of which being seven thousand nine hundred fifty-four dollars and seventy cents. The board of supervisors disallowed the claim, and from that order of the board appellee appealed to the circuit court on a bill of exceptions. The circuit court allowed the claim and entered a judgment directing the board of supervisors to pay it. From that judgment of the circuit court appellant prosecutes this appeal.

The applicable statute is sections 1 and 2 of chapter 232, Laws of 1920, which follow:

"Section 1. Be it enacted by the legislature of the state of Mississippi, That one-half of all ad valorem taxes collected by or for a county or a separate or a special road district operating under any laws of the state, on property within a municipality, the streets of which are worked at the expense of the municipal treasury, or worked by municipal authority, for road purposes of such county or district, not including taxes for the purposes of paying bonds issued for road purposes or the interest thereon or for creating a sinking fund for retiring the same, shall be paid over to the treasurer of such municipality for said municipality.

"Section 2. That all commutation taxes for road purposes collected from residents of a municipality by or for such county or district shall be turned over to the treasurer of such municipality for such municipality and be by it expended for street purposes. Provided that any municipality desiring to preserve for itself the benefits of this act shall by resolution notify the board of supervisors that such municipality will claim its one-half of all road taxes collected therein, and thereafter such municipality shall be entitled to all the benefits of this act."

During the years involved the streets of the city of Grenada were maintained entirely at the expense of the

municipal treasury. By proper resolution entered on its minutes the city claimed the benefits of this statute and notified the board of supervisors accordingly. During the years 1928, 1929, 1930, and 1931 the county collected on the property in the city ad valorem taxes for ''road and bridge'' purposes in the amount above stated. At the July, 1933, meeting of the board of supervisors, the city presented to the board its claim for one-half of that amount, and in support of the claim proved the necessary facts in order to collect under the provisions of the statute. The board refused to allow the claim. The city appealed, as stated, on a bill of exceptions to the circuit court; there the claim was allowed and the necessary judgment entered therefor.

After the cause was appealed to the Supreme Court, it was discovered for the first time that when the board of supervisors disallowed the claim it failed to enter any order to that effect; therefore, there is no such order in the bill of exceptions. The bill of exceptions, however, recites that the claim was disallowed by the board of supervisors.

Appellant seeks a reversal of the judgment upon three grounds, only one of which is sufficiently serious to call for a discussion; that is, that the circuit court was without jurisdiction because the action of the board of supervisors disallowing the claim was not evidenced by an order entered on its minutes and embodied in the bill of exceptions. To sustain that contention appellant relies on Nelson v. Henderson (Miss.), 16 So. 911; Newberger Cotton Co. v. Watts (Miss.), 49 So. 146; King v. Gambrell (Miss.), 58 So. 655; and Burrow v. State, 143 Miss. 221, 108 So. 505. In those cases there was involved an appeal either from the judgment of a justice of the peace court to the circuit court and thence to the supreme court, or from a judgment in a cause originating in the circuit court to the supreme court where the judgment appealed from was not embodied in the record. The court held that the supreme court was without ju-

risdiction of such appeals because of the absence of the judgment of the trial court; that the court was powerless to either affirm or reverse a judgment that was not before it.

Those decisions have no application to this case. This was not a lawsuit until the board of supervisors rejected the claim and an appeal was prosecuted by bill of exceptions. Sections 61 and 253 of the Code of 1930 are the statutes that control the procedure in a case of this character. Section 61 lays down the method of appeal on bill of exceptions. Section 253 is in this language: "A person having a just claim against any county shall first present the same to the board of supervisors thereof for allowance; and, if the board shall refuse to allow it, may appeal from the judgment of the board to the circuit court, or may bring suit against the county; and, in either case, if such person recover judgment, the board of supervisors shall allow the same, and a warrant shall be issued therefor."

If the claimant proceeds by independent suit instead of by bill of exceptions, he must allege and prove that his claim was presented to the board of supervisors and rejected. This is a condition precedent to suit. Board of Sup'rs of Lawrence County v. Brookhaven, 51 Miss. 68; Taylor v. Marion County, 51 Miss. 731; Klein v. Warren County Sup'rs, 51 Miss. 878; Polk v. Tunica County Sup'rs, 52 Miss. 422; Covington County v. Morris, 122 Miss. 495, 84 So. 462. But the proof of rejection by the board may be shown by parol. It is not necessary that it be shown by an order on the minutes of the board. Brookhaven v. Lawrence County, 55 Miss. 187; Clay County v. Chickasaw County, 76 Miss. 418, 24 So. 975; Board of Sup'rs of Jefferson County v. Lessing, 129 Miss. 1, 91 So. 697.

We are unable to see why a different rule should control where the claimant proceeds by bill of exceptions under section 61. It is true these decisions are not in point on their facts, nevertheless the reasoning upon

which they are founded applies with equal force to the case in hand. In the present case not only the bill of exceptions recites that the claim was rejected, but there is an agreement in the record by the attorneys of the respective parties reciting that the claim was rejected.

Affirmed.