## BISHOP *v.* CHICKASAW COUNTY.

(Division B.   April 18, 1938.)

[180 So. 395.   No. 33094.]

L. F. Easterling and J. E. Skinner, both of Jackson, for appellant.

**H. B. Abernethy** and **C. H. McCraine, Jr.**, both of Houston, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant filed his bill against the county of Chickasaw in the chancery court of that county to recover the sum of $2,629.74, claimed to be due as unpaid commissions on taxes collected by him as sheriff and tax collector during 1928 and 1929, and an insolvent list allowed him by the board of supervisors as such sheriff and tax collector for those years. The commissions claimed aggregate $953.56, and the insolvent list, $1676.-

18. The bill was demurred to by the county, the grounds set out in it being: No equity on the face of the bill; no cause of action stated; and the six-year statute of limitations. The demurrer was sustained, and upon appellant's declining to plead further the cause was dismissed. From that decree this appeal is prosecuted.

The bill alleges, in substance, that appellant was sheriff and tax collector of Chickasaw county during the years of 1928 and 1929; that during 1928, under the law, his commissions for taxes collected by him amounted to $1974.71; that the board only allowed him $1182.20, leaving due and unpaid $772.51; that during the year 1929 his commissions were $2,038.34, while he was paid only $1,857.20, leaving an unpaid balance due him of $181.05, making the total of unpaid commissions $953.56; that during those years his insolvent list amounted to $1676.-18; that the list consisted of taxes he had failed to collect on account of the insolvency of the taxpayers.

As to the commissions, the bill states no cause of action for the reason that it does not allege that before suit was brought the claim was properly dated and itemized and presented to the board of supervisors for allowance. This was required to be done under chapter 179, Laws of 1932, amending section 253, Code of 1930. Such an allegation is jurisdictional; no right of action arises until the statute is complied with. Before the amendment to section 253, Code of 1930, in Covington County v. Morris, 122 Miss. 495, 84 So. 462, the court held that in suits against counties it was necessary to allege and prove that the claim had been first presented to and disallowed by the board of supervisors before suit could be maintained. The only change made by the amendment was to require the claim to be dated and itemized.

As to the insolvent list, the bill alleges that the amount was justly due appellant "over and above any and all legal charges that may be made against him and his bondsmen on account of all receipts had and received by

him as tax collector of said county." The statutes governing the duties and rights of the sheriff and tax collector with reference to the insolvent lists are sections 3279 to 3285, inclusive, Code of 1930; they provide, among other things, in substance, that the sheriff and tax collector in his settlements for taxes collected shall be credited with the insolvent lists on proper showing or inability to collect. He is charged with all taxes due according to the assessment rolls. He is credited with those he fails to collect on account of insolvency, but he is not required to pay over taxes he fails to collect on that account. In other words, he is not required to pay over all taxes due as shown by the assessment rolls and then receive credit for insolvencies. Putting it differently, when the insolvencies are ascertained the taxes due according to the assessment rolls are credited therewith, or rather the sheriff and tax collector is credited with the amount on the assessment roll. The sheriff and tax collector does not pay the amount and then have it refunded to him by the board of supervisors, nor does the bill allege that such was done. The presumption is that appellant and the board of supervisors complied with the law. The contrary is not alleged in the bill. It is not alleged either directly or by reasonable inference that appellant in making his settlements paid over in cash to the proper authority the amount of the insolvent lists and sought a refund; there is no authority of law for such a proceeding. We conclude, therefore, that the bill states no cause of action as to any of the items. That being true, the question could be raised by a general demurrer.

The appellant contends that the bill should not have been dismissed on sustaining the demurrer; that he should have been given leave to amend. This he did not ask for. The rule is that where a demurrer is sustained a final dismissal of the bill follows unless the complain-

ant asks leave to amend. Griffith's Chancery Practice, section 311.

Affirmed.