ROBERTSON, Justice:
James C. Walker, and others, filed a petition with the City Planning Board of the City of Jackson, Mississippi, to rezone the property numbered 1001 and 1005 Robinson Street,.which is at the southwest corner of the intersection of Rose and Robinson Streets, from A-2 Residential to Commercial.
J. L. Weathersby, and others, filed objections to the proposed rezoning, and a hearing was had by the City Council. The Council, by a vote of two-to-one, rezoned this property. Weathersby,' and others, thereupon appealed to the Circuit Court of the First Judicial District of Hinds County, Mississippi.
The appellants embodied in their bill of exceptions a full statement of the facts. The bill of exceptions stated the conclusion *740 of the matter and the decision of the City Council in this way:
“Thereafter the case was presented to the Council for vote and Mayor Allen C. Thompson and Commissioner Durwood Boyles voted in favor of the proposed rezoning, with Commissioner Clark Horton voting against the rezoning.”
Although the bill of exceptions contained many exhibits, a copy of the ordinance actually rezoning the property was not attached nor made a part thereof. The bill of exceptions was filed with the City Council on March 7, 1968. No action was taken thereon until August IS, 1968’, when Mayor Allen C. Thompson, after making certain deletions, signed the bill of exceptions and filed it with the Circuit Clerk of Hinds County.
On August 28, 1968, the City of Jackson, Mississippi, filed a motion to dismiss the appeal “for the reáson that the Bill of Exceptions filed herein fails to confer jurisdiction upon this court.” On the same day James C. Walker, and others, filed a separate motion to dismiss assigning the same ground, that the bill of exceptions was not sufficient to confer jurisdiction on the circuit court as an appellate court.
On September 13, 1968, the appellants filed a motion for leave to amend the bill of exceptions by including a duly certified copy of the ordinance of the City rezoning the property in question from Residential A-2 to Commercial. On the same day, the circuit court sustained the motion of the City to dismiss, stating in the order:
“[A]s an appellate court it must hear and determine the matter solely on the case as presented by the Bill of Exceptions, and that the Bill of Exceptions is fatally defective in that the zoning ordinance complained of is not a part of the record, and the Court having considered same is of the opinion that it cannot take judicial knowledge of municipal ordinances and that the motion is well taken and should be sustained.”
On September 23, 1968, an order overruling the motion of the appellants to amend the bill of exceptions was entered. Whereupon the appellants moved the court to set aside the order of September 13, 1968, dismissing their appeal and further moved the court for a writ of certiorari requiring the Mayor of the City of Jackson to send up a duly certified copy of the order rezoning the subject property from A-2 Residential to Commercial. The court on September 23, 1968, overruled this motion.
Section 1195 Mississippi Code 1942 Annotated (Supp.1966) provides for an appeal from a decision of the municipal authorities in these words:
“Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities', and the clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment; * * *.” -(Emphasis added).
The bill of exceptions did embody the facts and the decision of the City Council on the petition to rezone, namely, that the Council voted to rezone the property from A-2 Residential to Commercial by a vote of two-to-one. The only document lacking was the actual' ordinance of the City Council formally setting forth this decision. The mayor signed the bill of exceptions containing the decision of the City Council and thereby approved if. No mention was *741 made by the mayor of the omission of the ordinance from the bill of exceptions.
We feel that the actual decision of the City Council was correctly and truthfully stated and embodied in the bill of exceptions. The highest officer of the City of Jackson approved the statement of the decision contained in the bill of exceptions. The bill of exceptions was sufficient to confer jurisdiction on the circuit court to hear and consider the appeal as an appellate court.
Grenada County v. City of Grenada, 168 Miss. 68, 150 So. 655 (1933), had a similar question involved. In that case, the City of Grenada presented a claim to the Board of Supervisors of Grenada County for one-half of the ad valorem taxes collected by the county on property within the city for road and bridge purposes.
The board of supervisors disallowed the claim, and from that decision, the City of Grenada appealed to the circuit court on a bill of exceptions. The circuit court allowed the claim and entered a judgment directing the board of supervisors to pay it. Grenada County thereupon appealed to this Court. In affirming the judgment of the circuit court, we said:
“After the cause was appealed to the Supreme Court, it was discovered for the first time that when the board of supervisors disallowed the claim it failed to enter any order to that effect; therefore, there is no such order in the bill of exceptions. The bill of exceptions, however, recites that the claim was disallowed by the board of supervisors.
“Appellant seeks a reversal of the judgment upon three grounds, only one of which is sufficiently serious to call for a discussion; that is, that the circuit court was without jurisdiction because the action of the board of supervisors disallowing the claim was not evidenced by an order entered on its minutes and embodied in the bill of exceptions.
‡ >{; * * * >{;
“* * * In the present case not only the bill of exceptions recites that the claim was rejected, but there is an agreement in the record by the attorneys of the respective parties reciting that the claim was rejected.” 168 Miss, at 73-75, 150 So. at 656-657.
So it is in the case now before us. The bill of exceptions clearly stated the decision of the City Council to rezone the subject property, and the mayor signed and approved the bill of exceptions. The complaint that the actual ordinance formally rezoning the property was not embodied in the bill of exceptions thus becomes one of form and not of substance.
We said in First National Bank of Vicksburg v. Cutrer (Miss.1966) 190 So.2d 883, at page 886:
“The holdings in the above cited cases clearly demonstrate that both the Legislature and Courts do not desire to dismiss appeals where the complaint is of form and not of substance.”
In a somewhat similar case, this Court reached the conclusion that the motion to dismiss the appeal should be overruled. The opinion is short, sweet, and to the point, and we quote it in its entirety:
“The record in this case was filed December 3, 1963. On January 24, 1964, appellee filed a motion to dismiss the appeal because the record did not contain a final judgment. January 27, 1964, appellant filed a motion for writ of certiorari, suggesting the omission of said judgment, which motion was sustained, and in answer to the writ then issued, the clerk of the lower court forwarded and there is now here as a part of the record a certified copy of the final judgment.
“The case has not yet been set for hearing and no one has been injured by what has transpired.
“Therefore, justice demands that the motion to dismiss the appeal be and the same is hereby overruled.” Bush Con *742 struction Company v. Walters, 160 So.2d 218 (Miss.1964).
In the first case to reach this Court involving the interpretation and application of the statute on designation of appellate records [Miss.Code 1942 Ann. § 1640 (Supp.1962)], this Court said:
“The right to appeal is a statutory privilege, granted and defined by the legislature. Under Code section 1640, both parties have a duty to designate that part of the record which they consider ‘essential to the decision of the questions presented by the appeal.’ This duty must be exercised fairly, reasonably, and in good faith by both appellant and appellee. The entire burden and risk, of an insufficient designation cannot be put upon appellant alone, by the use of a presumption that assigned errors will be cured by other evidence not designated. Hence the statute provides that appellee ‘may’ make his own designations within twenty days after appellant has done so. This phrase, in this context, reflects a legislative intent that appellee must make designations, if he thinks appellant’s selections are inadequate. This is a reciprocal duty of the appellee, which also must be exercised fairly, reasonably, and in good faith.” Miller Transporters Ltd. v. Johnson, 252 Miss. 244, at 249, 172 So.2d 542, at 544-545 (1965).
We pretermitted a decision on whether a bill of exceptions could be amended in Stewart v. City of Pascagoula, 206 So.2d 325 (Miss.1968), when we said:
“The certificate of the Mayor of the City of Pascagoula followed the rule announced by this Court in the case of Reed v. Adams, 236 Miss. 333, 111 So.2d 222 (1959), wherein we stated that if the mayor - deemed incorrect the bill of exceptions presented to him, he was under an implied duty to point out wherein he deemed the same incorrect, so that the aggrieved parties might have an opportunity to amend the same, and then to sign the same as corrected. In the present case, even though the certificate of the Mayor pointed out in great detail the specific omissions from the bill of exceptions, it was not amended in any way, and the appeal to the circuit court was on the bill of exceptions as originally drawn.” 206 So.2d at 327-328.
The circuit court should have authorized the issuance of a writ of certiora-ri- to the Mayor of the City of Jackson requiring him to send up a certified and authenticated copy of the ordinance rezoning the subject property from A-2 Residential to Commercial.
The judgment is reversed and this cause, remanded for completion of the bill of exceptions in accordance with this opinion and a consideration of the appeal on its. merits.
Reversed and remanded.
GILLESPIE, P. J., and RODGERS, PATTERSON, and SMITH, JJ., concur.