ROBERTSON, Justice:
T. E. Guillot, doing business as Jackson Dental Supplies, brought suit in the Chancery Court of Stone County, Mississippi, against the Board of Trustees of the Mississippi Gulf Coast Junior College, located at Perkinston, Mississippi.
The complainant averred in his bill of complaint that he received an invitation to bid on certain dental equipment and sup *921 plies needed by the Junior College. He bid on many items, including three dental chairs listed on the invitation to bid as items numbered 8, 9 and 22. Being the lowest bidder on a number of items, complainant was awarded the contract to furnish all of these items, except Items 8, 9 and 22. Guillot charged in his bill of complaint that even though he was the lowest and best bidder the contract for these three items was not awarded to him, but was awarded to another bidder, namely, Auderer Dental Supply.
In support of this charge, complainant tabulated in his bill of complaint the three bids received on these items which showed that he was the lowest bidder on each of them. He also attached as an exhibit a tabulation sheet of the bids on every item and this sheet also showed that on items 8, 9 and 22 complainant was the lowest bidder. Complainant charged that this action of the Board of Trustees was arbitrary, capricious and unreasonable, and prayed that the awarding of the contract for furnishing items 8, 9 and 22 be set aside and the contract awarded to the complainant. Complainant also prayed for “further, general and special relief as is meet and proper under the circumstances.”
To the bill of complaint, the defendant board filed a pleading, designated “Demurrer”, which stated:
“[T]hat there is no equity stated in the Complaint, the Defendant is vested with a reasonable discretion in determining who is the lowest and best bidder, the Complainant is well aware of the acceptance of the bid in question based upon the recommendation of a local, professional, Advisory Committee, the contracts have been consummated, this is no class action, the statutory remedy for abuse of discretion is neither alleged nor sought, and for other reasons to be argued upon the hearing of this Demurrer.”
The court in an opinion sustaining the demurrer stated that:
“This matter was heard by the Court on the 22nd day of January 1974 upon the preliminary pleadings filed by both parties, to-wit: Demurrer to the Bill of Complaint filed by the Defendant on December 3, 1973, Demurrers to the Cross Bill of Complaint filed by the Complainant on December 17, 1973, and Motion to Strike filed by the Complainant on December 17, 1973.”
Further in its opinion, the court set forth the demurrer in its entirety.
The court then stated that its opinion was that the demurrer must be sustained. But the court did not stop there; it went on to say:
“[T]hat the Defendants decision to award the bid in this case to those other than the Complainant was based upon an honest exercise of discretion and upon facts which amply support their decision.”
Ill
“This Court is further of the opinion that the Cross Bill of Complaint filed in this cause should be dismissed.”
This Decree was entered:
“This cause came on to be heard by the Court upon the preliminary pleadings filed by both parties, to-wit: Original Bill of Complaint, Demurrer thereto by the Defendant, Answer to the Complaint by the Defendant as well as a Cross Bill of Complaint, a Demurrer to the Cross Bill of Complaint, and a Motion to Strike part of the pleadings; at which time Court consolidated all pleadings for the purpose of disposing of the Demurrer filed by the Defendant on December 3, 1973, as well as all other preliminary pleadings, and heard full arguments thereon on the 22nd day of January, 1974. Thereafter the Court reserved its *922 ruling, taking all issues under advisement, during which time Counsel for hoth parties submitted memorandum briefs, which the Court maturely considered, and concluded that the Demurrer of the Defendant should be sustained, and that the other matters should be dismissed, all pursuant to the Court’s writ» ten opinion dated February 7, 1974, now on file in the Stone County Chancery Clerk’s Office.”
The court was in error in sustaining the demurrer to the bill of complaint, in consolidating “all pleadings for the purpose of disposing of the Demurrer ... as well as all other preliminary pleadings, .” and in making any findings of fact in its opinion sustaining the demurrer.
Mississippi Code Annotated Section 11-5-23 (1972) provides:
“When a demurrer is filed whether separately, or when embraced in the answer, no part of the answer other than the demurrer shall be considered by the court on the hearing on the demurrer,
Griffith’s Mississippi Chancery Practice (2nd Ed., 1950), Section 289, says:
“A demurrer is, and must be always, based solely upon the allegations of fact well pleaded as such in the bill. A de■> murrer cannot contain anything which denies any allegation in the bill. A par-ty cannot qualify his demurrer nor give it any other operation than such as the law gives. The challenge of a demurrer can be interposed only for defects and insufficiencies apparent on the face of the bill itself; no question of fact other than as appears in the bill itself can be raised by demurrer. The substantial grounds of a demurrer must appear upon the face of the bill, and if a demurrer seeks to allege any fact or otherwise to import anything of fact into the question not shown on the face of the bill it is a ‘speaking demurrer,’ and will be overruled. Not only so, but moreover, a de-murrant cannot aid himself by what the evidence would show, or does show if there be any evidence in ttie case, nor By any answer filed, .... Upon the presentation of a demurrer the bill alone must be looked to for the facts, excepting only the facts which the court may judicially know, . . . .” Pages 272-273. [Emphasis added].
There is no merit in the Supplemental Assignment of Error that the court “erred in failing, under Section 11-5-23, Mississippi Code 1972, to allow the Appellant time within which to amend his pleadings.” This same argument was answered in Bishop v. Chickasaw County, 182 Miss. 147, 180 So. 395 (1938), when the Court said:
“This he did not ask for. The rule is that where a demurrer is sustained a final dismissal of the bill follows unless the complainant asks leave to amend. Griffith’s Chancery Practice, section 311.” 182 Miss. at 155-156, 180 So. at 396. [Emphasis added].
Upon remand, the complainant can move to amend and whether the amendment is germane and meritorious and should be allowed is, of course, a matter for the lower court to pass on at that time.
The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
RODGERS, P. J., and PATTERSON, INZER, SUGG and WALKER, JJ., concur.
GILLESPIE, C. J., did not participate and took no part in this decision.